## T. E. PLYLEY *v.* J. L. ALLISON.

### (*Knoxville.*    September Term,. 1904.)

1. **COSTS.** Clerk's fee for redemption receipt for the redemption of several pieces of land.

   Under a statute providing for the redemption of land sold for taxes, and providing a fee of fifty cents to the clerk for issuing the redemption receipt, which receipt, it is provided, shall include all property redeemed by any person at one time, only one receipt should be issued, and only one fee can be charged for such receipt, for the redemption of a number of pieces of property by the then owner, in one single transaction, though the various pieces of property redeemed were assessed in the names of different parties, and were situated in different wards of the city. (*Post, pp.* 502-506.)

   Acts cited and construed: 1901, ch. 174, sec. 57.

2. **EXTORTION.** Officer's good faith and honesty of purpose in demanding and collecting illegal fees is no defense against a civil suit for penalty.

   In a civil suit against an officer to recover the penalty for extortion in demanding and receiving any other or higher fees than those prescribed by law, good faith and honesty of purpose in demanding and receiving fees not allowed by law is no defense. (*Post, pp.* 503, 504, 506.)

   Code cited and construed: Secs. 6353, 6714 (S.); secs. 5270, 5604 (M. & V.); secs. 4518, 4810 (T. & S. and 1858).

   Cases cited and approved: Williams v. State, 2 Sneed, 162; State v. Merritt, 5 Sneed, 67; State v. Critchett, 1 Lea, 271.

3. **SAME.** Question whether good faith in collecting illegal fees excuses in criminal prosecution, reserved.

   Question whether in criminal prosecution for the offense of extortion, good faith might serve as an excuse for the officer in

Plyley v. Allison.

demanding and receiving fees not allowed by law is reserved. (*Post, pp.* 506, 507.)

Code cited: Sec. 6714 (S.); sec. 5604 (M. & V.); sec. 4810 (T. & S. and 1858).

Cases cited: State v. Merritt, 5 Sneed, 67; State v. Critchett, 1 Lea, 271.

4. **REPEAL OF STATUTES BY IMPLICATION.** Statute providing penalty recoverable in civil action not repealed by statute imposing fine for misdemeanor.

The statute providing a penalty for extortion in demanding and receiving illegal fees is not repealed or suspended, by implication, by a statute imposing a fine upon conviction for the misdemeanor for the violation of the assessment statute by all parties intrusted with the collection and disbursement of public funds or revenues, for this latter statute does not provide an exclusive remedy, so as to prevent the maintenance of a civil action for the penalty prescribed in the former statute. (*Post, pp.* 507, 508.)

Code cited and construed: Sec. 6353 (S.); sec. 5270 (M. & V.); sec. 4518 (T. & S. and 1858).

Act cited and construed: 1901, ch. 174, sec. 72.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County.— JOSEPH W. SNEED, Judge.

ROGERS & ROGERS, for plaintiff.

JOHN W. GREEN, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This case was tried by the judge of the circuit court of Knox county without the intervention of a jury. It is before us on an appeal in the nature of writ of error, presented by the plaintiff below from a judgment of dismissal.

The suit was instituted to recover from the defendant, who is clerk of the circuit court of that county, the penalty for extortion provided by section 6353 of Shannon's Code, which is as follows: "If any officer demands or receives any other or higher fees than are prescribed by law, he is liable to the party aggrieved in the penalty of fifty dollars, to be recovered before any justice of the peace, and is also guilty of a misdemeanor in office."

The case was tried upon an agreed statement of facts, which are, in substance, as follows: That certain real estate situated in Knox county, in this State, the property of the plaintiff, Plyley, was sold prior to December 31, 1902, by the county trustee of that county, for the unpaid taxes, costs, and charges thereon, to the State of Tennessee, and was thereafter certified, as the statute requires by him, to the clerk of the circuit court of that county; that on the date last mentioned the plaintiff, Plyley, desiring to redeem this real estate, went to the office of the defendant, Allison, who was then the clerk of the circuit court, for the purpose of effectuating redemption, and on that day did redeem twenty-one pieces

of this real estate, by paying to the clerk the amount
demanded by him in the redemption thereof, and that
the defendant, Allison, issued to him twenty-one re-
ceipts or certificates of redemption, each covering a dis-
tinct piece of property; that all this property was re-
deemed at the same time and in one transaction, and
that the defendant charged the plaintiff a fee of fifty
cents for each one of these receipts.   It was agreed that
in each one of these receipts or certificates there was
included a trustee's fee of one dollar, which was de-
manded and received by the defendant from the plain-
tiff, and afterwards paid by the defendant, Allison, to
the county trustee.   It was also agreed that the plain-
tiff paid these fees under protest, and that this protest
was noted by the defendant on each one of the receipts
or certificates of redemption issued by him.

The agreed statement of facts further shows that the
form of said receipts or redemption certificates given by
Allison to the plaintiff in error was identical with that
in use by his predecessor in office, and that the giving
of separate receipts, or redemption certificates, in such
cases, was done under the direction of the comptroller
of the State, to whom the defendant is required by law
to make reports of tax collections.

While not expressly stated in the agreed facts, yet it
is necessarily implied, and in argument it was distinctly
conceded, that the action of the defendant in error was
in good faith, and that there was no purpose on his part
to demand or receive from the plaintiff other than legal

fees.    The questions, therefore, presented upon this case are, first, whether the fees so exacted were authorized by law; and, second, if illegal, whether good faith will exempt him from the penalty prescribed by the section set out above.

At the time these pieces of property were redeemed chapter 174, page 308, Acts 1901, was in force, and under its terms these redemptions, save one, were made. By section 57 (page 357) of that act it is provided that the lands struck off to the treasurer of the State, and certified by the county trustee to the clerk of the circuit court, shall remain open for redemption by the owner of the land, or any person for him, or any creditor of such owner, for the period of two years from said sale, and that the land so sold may be redeemed by paying the clerk the whole amount of the taxes for which the land was sold, with all the costs, interest, penalties, and charges consequent upon the sale, at the rate prescribed in this section.    It is then provided that, "as compensation to the clerk, he shall be entitled to a commission of five per cent on the whole amount of the redemption money, and a fee of fifty cents for issuing the redemption receipt, which receipt shall include all property redeemed by any person at one time.    .    .    ."

We can see no room for doubt as to the meaning of the legislature.    In this provision it was evidently contemplated that a delinquent taxpayer might be unfortunate enough to have one or many pieces of real estate sold for unpaid taxes, and while each of these pieces was

Plyley v. Allison.

to bear its own particular burden of taxes, and of penalties, interest, and costs, yet it was intended that, when the owner or some one for him or his creditor came to redeem, that however many pieces of property were embraced in the single act of redemption, that they should be covered by one receipt, for which he was to pay a single fee of fifty cents. It is true that we can understand the printed form in use by the defendant in error and by his predecessor in office would possibly not accommodate itself to a description of the twenty-one pieces of property redeemed by plaintiff, yet, as a matter of course, this affords no answer to the statutory limitation of fifty cents for a single receipt. And we can also well understand, as is urged by the counsel of the defendant in error, that there may be some inequity thus imposed upon the clerk, in that he is compelled to make separate calculations to ascertain the amount due upon each piece of property when many pieces are redeemed at the same time; but this cannot qualify or alter the express provision of the statute. Nor do we think it at all material in the application of this provision that the pieces of property redeemed upon this occasion were assessed in the names of different parties, and were situated in different wards of the city of Knoxville. It is conceded that they were the property of the plaintiff, Plyley, at the time that the redemption was made, and that all were embraced in a single transaction. In view of the express terms of the statute, we do not think that these conditions can any more avail

to authorize the charge that was made in this case than if the plaintiff in error, being the owner of two tracts of land lying in different parts of the county or bordering one on the other, assessed and sold separately to the State, had sought to redeem them at the same time and by a single transaction. In such a case we do not see how it could be maintained successfully in the face of this statute that the clerk could issue two redemption certificates and charge a fee of fifty cents for each.

That the defendant acted in good faith and under the direction of the comptroller of the State in this matter cannot excuse him from the penalty prescribed in the section of the Code set out above. In the case of *State* v. *Merritt*, 5 Sneed, 67, where was involved the question of extortion as a misdemeanor, the court said: "This defendant doubtless honestly believed he was entitled to the fee charged, and we very much regret the necessity we are under to declare the law in this case to be against him. But the principle that it is extortion to exact fees not allowed by law is indispensable for the protection of the people and cannot be relaxed. Every officer must beware that he takes no compensation not sanctioned by some law on the subject. He collects costs at his peril, and for each and every item must be able to put his finger on some particular act. *Williams* v. *State*, 2 Sneed, 162." To the same effect is *State* v. *Critchett*, 1 Lea, 271.

But it is said that, by the terms of section 6714 of Shannon's Code, honesty of purpose does excuse from

Plyley v. Allison.

the penalty in a case of this kind.    That section is found in that part of the Code devoted to "Offences against Public Justices" and in the article entitled "Misconduct of Public Officers," and is in these words:    "For any persons knowingly to demand or receive of another for performing any services or official duty for which the .fee or compensation is established by law any greater fee than. is legally allowed· or provided" is a misdemeanor.    It may be that, in a criminal prosecution for the offense of extortion, good faith under this· section might serve as an excuse for the officer, yet it is to be observed that in the later case of *State* v. *Critchett,* supra, decided in 1878, the rule to the contrary, announced in *State* v. *Merritt,* supra, was distinctly approved and applied notwithstanding the terms of this section.    However it might be in a criminal prosecution, in a civil action brought under section 6353 of Shannon's Code we think honesty of purpose cannot be relied upon, as that section contains no qualifying words upon which such defense can be raised.

It is insisted, however, that section 72, chapter 174, page 366, Acts 1901, provides an exclusive penalty, and for that reason, even conceding that defendant in error had violated the provision in question, this action cannot be maintained.    That portion of the section so relied upon is in these words:    "That any and all parties intrusted with the collection and disbursement of public funds or revenues, violating the provision of this act, upon whom no penalty has heretofore been imposed,

shall be guilty of a misdemeanor, and upon conviction thereof shall forfeit and pay to the State, not less than fifty (50) dollars, nor more than five hundred (500) dollars, which shall be placed in the treasury for the benefit of the public school funds." It might be with much plausibility argued that the effect of this provision is to repeal by implication section 6714 of Shannon's Code, in so far as official dealings with funds arising from the operation of this act are concerned, inasmuch as both are directed to a like misdemeanor, yet we do not think that the insistence is sound when aimed at section 6353, under which this action is brought. We discover nothing in the statute which authorizes the assumption that it was within the legislative intent to interfere with a civil action to recover the penalty provided for by this latter section.

The disposition of this question necessarily settles the case and results in the reversal of the judgment of the lower court.

Without determining whether the offense of extortion could be predicated upon the action of one officer in demanding and receiving fees not authorized by law for another officer, it is proper to say that we find no authority in the act of 1901 for the charge of one dollar as a fee for the county trustee, exacted of the plaintiff in error in making these various redemptions.