Brown *v.* Dailey.

BROWN *v.* DAILEY.

(*Knoxville.*    October 29th, 1886.)

1. CHANCERY PRACTICE. *Appeal.    Accounts.    Concurrent finding of Chancellor and Clerk and Master.*

On appeal from the decree of the Chancery Court, overruling exceptions and confirming a report of the Clerk and Master, settling matters of account, this Court, in reviewing the case, will give to the concurrent finding of the Chancellor and Clerk and Master no less weight than attaches to the verdict of a jury and judgment thereon at law.

(See Turley *v.* Turley, *post* p. —; Turley *v.* Cooley, 3 Legal Rep., p. 193.)

2. SAME. *Same.    Same.    · Separate items.*

The same rule will be applied to separate items of the accounts as to which the Chancellor and Clerk and Master concur.

FROM   KNOX.

Appeal from Chancery Court of Knox County, July Term, 1885.    W. B. STALEY, Ch.

WASHBURNE & TEMPLETON, and WAT. M. COCKE, for Brown.

A. S. PROSSER and E. C. CAMP for Dailey.

SNODGRASS, J. The bill in this cause was filed for settlement of the partnership of Dailey & Brown, in the livery business in Knoxville. Answer being filed and account ordered, much proof was taken, and the Master reported.

Subsequently he made a second report.

Various exceptions were filed, and with some modifications, not necessary to be noticed, the report was confirmed.

Both complainant and defendant appealed, and their counsel argue here with much zeal and ability their several exceptions to the Master's report.

We have held that where, in a matter of account, the Master and the Chancellor have agreed and the decree is in confirmation of the Master's report, that the decree will not be reversed, except it clearly appears to be erroneous, and we hold that the same rule applies to the various items of account in which their findings concur.

It is not sufficient to reverse the decree upon the entire account or upon any item that it does not affirmatively appear to be clearly right. It must appear affirmatively to be clearly wrong.

No better illustration of the necessity and propriety of the rule and its rigid enforcement can

be found than the present case, and like cases, of bitterly contested partnership accounts, in which the parties differ, experts differ, and witnesses disagree, not only about the same facts, but about the showing of the same books, and in which it is not only absolutely impossible to do exact justice, but almost so to approximate it.

The Master, with the aid of counsel, has time and opportunity to take up and dispose of the matters in the reference, item by item. Counsel may then point out the errors and omissions, after the report is prepared, and they may be corrected by the Master before the report comes before the Chancellor for action. If not so corrected, upon specific exceptions, each alleged error is or may be examined by the Chancellor, evidence upon the particular point, *pro* and *con*, heard, argument considered, and each item disposed of after long and minute investigation.

When so disposed of, and that disposition is in concurrence with the report of the Master, necessarily and properly, it must be treated by us with at least as much weight as the finding of a jury. Necessarily, because neither this Court, as a body nor its several members, can give to the items of each voluminous, intricate account, such a lengthy and tedious investigation.

It is obvious that this is so from the very nature of the duties of this Court and the vast number of causes on its dockets. These causes it is our duty under the Constitution to hear and

dispose of without denial or delay, and if in the discharge of that duty we hold that no weight or insufficient weight is to be given to the results of investigations of accounts made with so much care and deliberation and subjected to so extreme a test of accuracy as is provided for in the practice described, we would do away with the very object of such method of investigation, while making it impossible to dispose of the business of this Court.

It is required of this Court to try causes under such general rules and presumptions as will enable it to exercise the jurisdiction conferred upon it profitably to the public, and not under such disregard of them as deprives the Court of the opportunity to give all litigants a hearing while it approximates a little nearer to impossible accuracy in a few cases of voluminous and intricate accounts.

The law contemplates that these will be correctly settled by the Master; if not, that his errors may be corrected in the manner indicated. If not so done, and the litigant is still dissatisfied, an appeal is provided for—not that the appellate court may go through these items as of an open account, and out of confusion make system, or perfect imperfection, but that this Court, giving proper and great weight to the result of the investigation and decree below, may correct such errors in it as clearly appear. We think this is so obvious as only to need statement for demonstration.

Its necessity being apparent, the propriety of the rule is not open to question. The Master sees the witnesses examined, usually knows their character, has or can have the parties and their books before him, observation of the books and his understanding of the references to them. He has opportunity, time, and facilities for the most thorough inquiry and examination. As this is a duty devolved upon him by law, he is presumed to be selected with especial regard to his fitness to discharge, among his other duties, that of an accountant. In all respects, the reasons for treating his judgment embodied in a report with the same consideration as that of a jury in a verdict are of equal force; and in some are of greater weight, particularly his supposed special fitness and training for the specific work.

The approval by the Chancellor, after exceptions bringing each particular point in issue before him for separate consideration, is of greater weight than that of a judgment refusing to set aside a verdict, because in one case difference of opinion is not so disagreeable or so costly as in the other, while the absence of observation of the testifying witnesses is more than offset by the time, opportunity, and deliberation allowed for consideration of their testimony.

We therefore hold that we will give to such concurrence of Master and Chancellor in this cause no less weight than we would to a verdict and judgment, and, in disposing of exceptions argued, so treat the decree.

Thus regarded, without enumerating or in detail discussing the several exceptions, it is sufficient to say that while in reference to more than one of them the decree does not affirmatively appear to be right, it does not affirmatively appear to be wrong; and we cannot, therefore, reverse it. The decree will consequently be affirmed.

In the conclusion of the brief of complainant's counsel it is stated that: "In adding up the charges against respondent in his report the Master makes a clerical error of $900.60, which should be corrected." Tr., 741 to 744.

No statement of what the sum of these several columns of charges is or ought to be is made in the brief so as to require of us a comparison to correct the errors, and on this vague reference we have not gone into it.

The counsel of the parties or the Clerk, in drawing decree in affirmance of the decree below, will see that the calculation is correctly made.

The cost of appeal will be divided equally between Brown and Dailey.