## G. E. JOHNSON v. J. L. JONES et ux.

Court En Banc, May 28, 1925.

No petition for Certiorari was filed.

1. **Contracts. Injunction is proper remedy for breach of contract to refrain from entering business.**

In an action to recover damages for breach of contract to refrain from practicing medicine, held because of difficulty in proving damages injunction was the proper remedy for breach of such a contract.

2. **Contracts. Party is liable in damages for breach of contract to refrain from practicing medicine in a given locality.**

Where a doctor for a valid consideration agrees to refrain from practicing medicine in a given locality he is liable in damages for the breach of his contract and the measure of damages is amount contracting party has actually been damaged.

3. **Damages. Measure of damages for breach of contract to refrain from practicing medicine.**

The measure of damages for the breach of a contract to refrain from practicing medicine in a given locality is the actual damages sustained by contracting party and unless actual damages can be proved only nominal damages may be recovered.

4. **Damages. Evidence held to show only nominal damages.**

In a suit to recover damages for breach of contract to refrain from practicing medicine in a given locality where evidence showed the new

doctor had lost most of his practice before return of defendant, **held** entitled to nominal damages only.

5. **Appeal and error.** On **appeal findings of the master and chancellor upon facts has same weight as verdict of jury.**
  It is a well-established rule of this court and the Supreme Court, that the concurrent finding of the master and the chancellor upon the facts, is entitled to the same weight as the verdict of a jury in civil cases.

Appeal from Chancery Court, Rhea County; Hon. T. L. Stewart, Chancellor.

Affirmed.

J. B. Swafford, of Dayton, for appellant.

J. L. Godsey, of Dayton, for appellee.

OWEN, J.   This cause was before this court on appeal by G. E. Johnson, the defendant below and cross-complainant, at the May term, 1922. The decree of the chancery court at that time was affirmed in part, reversed in part and remanded. The opinion of this court was prepared by Special Judge W. R. Allen. The cause was remanded and it was ordered that a reference be had before the clerk and master and ascertain the defendant G. E. Johnson's damages which he alleged by way of cross-bill he was entitled to caused by a breach of contract.

This court being of opinion under the facts disclosed in the record upon the former appeal that Johnson was entitled to at least nominal damages, a reference was had and a report made by the clerk and master, who fixed Johnson's damages at $20. This report of the clerk and master was confirmed by the chancellor and a decree rendered in favor of Johnson on his cross-bill for the sum of $20. Johnson excepted to the master's report; his exceptions were overruled. He excepted to the decree of the chancellor in overruling his exceptions to the master's report, and excepted to the decree of the court in only allowing him the sum of $20. He prayed and was granted an appeal to this court, which he has perfected, and has assigned in this court three errors. The three errors raise but one question, and that is, that the chancellor erred in not sustaining the defendant's exceptions to the master's report, and the chancellor erred in not giving the defendant a decree for the damages that had been sustained by reason of Dr. Jones having reentered the practice, and thereby breached his contract.

The complainant and the defendant are both practicing physicians. The complainant J. L. Jones, for some years prior to 1916 resided in the village of Washington, a community of about 100 inhabitants, in Rhea county. He had been practicing in that community for some years and decided to sell his house and lot, or home, in the village of Washington, and G. E. Johnson became the pur-

chaser for the consideration of $1,000. $450 of this amount was paid in cash at the time of the purchase on the 6th day of September, 1916, and for the unpaid purchase money the appellant executed two promissory notes, due in twelve and twenty-four months after date. These notes were secured by specific vendor's lien retained on the property, and the notes not being paid at maturity, the bill in this cause was filed by Jones and wife to collect said notes, and to enforce their vendor's lien. The appellant filed a plea of non est factum, alleging in said plea that the notes had been materially altered since the execution. The chancellor overruled this plea, and his decree in reference to the overruling of the plea of non est factum was affirmed by this court on August 22, 1922.

Appellant also filed an answer, admitting the purchase of the house and lot in question, and the execution of the two notes. It is further averred in the answer that appellee represented to appellant, both of whom were physicians, that he, the appellee, had a country practice, which he proposed to sell with the house and lot, and that this practice and good will was purchased with the house and lot, and that appellee agreed to not practice medicine in the territory embraced in the practice which he was selling to appellant.

And that appellee breached the said contract, by locating for the practice of medicine at Evansville, a town three and a half or four miles from the town of Washington, and which was within and included the practice and good will which had been sold to appellant, and that as a result of appellee thus locating and entering upon the practice of medicine, appellant was damaged in the sum of three thousand dollars. And he filed his answer as a cross-bill, seeking a recovery on account of a breach of said contract, in the sum of three thousand dollars.

Appellee filed an answer to the cross-bill, denying every material allegation of same. The chancellor sustained complainant's bill and ordered the house and lot sold. He dismissed appellant's cross-bill. The cause was appealed to this court as heretofore stated, and in disposing of the assignments of error, we quote from the opinion of Special Judge Allen as follows:

"We are constrained to hold that the chancellor was in error in dismissing appellant's cross-bill, and so much of his decree as so held is reversed."

As to what damages, if any, appellant can recover, presents a very difficult question, and one of considerable doubt. The proper course for him to have pursued and the one that would have been most efficacious was to have filed a bill in chancery . . . and enjoined appellee from violating his contract, and, while the authorities hold that is the most natural and proper course to pursue, yet he may sue for breach of contract and recover damages, provided he can,

under the rules relating to such cases, show his damages, but in doing so, he will meet with great difficulty.

We have carefully examined the entire record and are of the opinion that he was damaged very little; the fact is, the proof shows that he had lost considerable of his practice before appellee returned and begun the practice of medicine in the territory, and that the inducement of appellee to return and take up the practice at the time he did, was in response to requests that he do so from his former clientele and friends.

It is also shown that there was possibly five other doctors practicing in the territory at the same time and that they took considerable of the practice which appellee had before he left. It is further shown that there was considerable dissatisfaction with appellant, as a physician, among the people. So much so, that it was common talk about the stores and public places.

Under the record as we find it, he would be only entitled, in our opinion, to recover nominal damages under the rule by which such questions must be considered, as all the damages he proves or attempts to prove are speculative in the extreme.

In the case of Jackson v. Burns, to which reference has already been made, the court said:

"The difficulty in arriving at a proper measure of damages, and in excluding elements which are purely speculative, is forcibly illustrated in the case of Slack v. Sudduth, 102 Tenn., 375, and in East Tenn. Nat'l. Bank v. First Nat'l. Bank, 7 Lea, 420. The court is of the opinion that in cases like the present and under the facts, the plaintiff's proper remedy is to enjoin the defendant from engaging in the business contrary to agreement.

"This would, so far as results go, be to specifically enforce the contract. If, however, the plaintiff resorts to an action of damages, for its breach, only such actual damages as have been sustained, up to the bringing of the suit, should be-recovered. If the competition is continued, injunction may be resorted to. It is practically impossible to determine the difference in the value of the property or contract, with and without the proviso against competition." Jackson v. Burns, 102 Tenn., 703-704.

It is apparent from the testimony that the house and lot, which appellee sold appellant, was worth about a thousand dollars, and that appellee had not considered he was getting anything for the good will of his business, or the agreement not to practice in the territory. However, appellant, in making his proposition, which was accepted by appellee, stated that he included all of this in his offer of a thousand dollars, and that therefore there is a sufficient consideration to sustain his action, for such damages as he may have sustained.

In the case of Bradford v. Furniture Company, Justice Shields, delivering the opinion of the court, very clearly sets out the difficulties to be encountered and the rule to be applied in ascertaining damages in cases of this character.

"The chief difficulty found in actions for breaches of contract of this character, is in ascertaining the damages which the plaintiff can recover, as they are generally uncertain, remote and speculative. For this reason, the most efficient remedy is an injunction inhibiting the defendant from again entering into the business he has contracted not to resume. The jurisdiction of the courts of equity to grant this relief is well established." See Jackson v. Burns, 102 Tenn., 699.

"The right of the plaintiff to maintain an action at law upon a contract not to compete in business, is equally well established, and the plaintiff has his election as to which remedy he will pursue, but when he elects to sue for damages, he must be prepared to prove such damages as the law recognizes or otherwise he can only recover nominal damages.

"The true measure of damages for a breach of contract of this sort, is the injury the plaintiff has sustained. If he has sustained no damages which are the natural and proximate results of the breach, he has sustained no injury, and can only recover nominal damages. The measure of damages in cases of this character is well and fully stated in the case of Howard v. Taylor, 90 Ala., 242, cited with approval by this court, in Jackson v. Burns, supra." See Bradford v. Furniture Co., 115 Tenn., 632-633.

The decree of the chancellor is in all respects affirmed, except as to his action in dismissing appellant's cross-bill and disallowing him damages as claimed therein, and in order to ascertain what damage, if any, appellant sustained by reason of the breach of contract, the cause will be remanded to the chancery court, where the damages sued for by cross-complainants in their cross-bill, as shown by the averment thereof, will be ascertained and set off in whole or in part as the proof may warrant, against the decree in favor of appellee, and if such damages exceed the amount of said decree appellant, cross-complainant, will recover the same from the defendant to the cross-bill, appellee.

In ascertaining the damages, the rule will be followed as laid down by Justice Shields in Bradford v. Furniture Company, supra."

After the cause was remanded, the clerk and master was ordered to take and report what damages, if any, the defendant Dr. G. E. Johnson had sustained. He reported that Dr. Johnson had sustained only nominal damages, and he fixed the damages at the sum of $20, setting forth in his report evidence on which he based his report, and fixed the sum of $20 as the amount cross-complainant was entitled to. The cross-complainant testified that about six or seven

months after he purchased the house and lot from the complainant, the complainant returned to the neighborhood where he had formerly lived and again began the practice of medicine, and that cross-complainant's monthly fees as a practitioner were reduced considerably after complainant returned to the vicinity of Washington, in Rhea county, but there is proof establishing the fact that a number of Jones' former patients were not satisfied with Dr. Johnson. They had him on one or two occasions, and after that, these former patients of Jones' would send to Dayton, and other towns and villages for various doctors when their services were needed, and failed to call Dr. Johnson.

There is also some proof to show that the health of the community was much better when Jones returned than when he sold his home to Johnson.

We are of opinion that all of cross-complainant's proof is speculative as to any damages suffered, and there is proof tending to show that the house and lot that he purchased from Jones was worth $1,000 at the time he purchased the same. Jones sold his good will as a practitioner with his house and lot. There was no time fixed, however, whereby Jones was to stay out of the practice, and Johnson did not see fit to enjoin Jones from returning to the practice of medicine in the vicinity of Washington, in Rhea county, and we find evidence that sustains the report of the clerk and master on the order of reference, which report has been confirmed by the chancellor.

It is a well-established rule of this court and the Supreme Court, that the concurrent finding of the master and the chancellor upon the facts, is entitled to the same weight as the verdict of a jury in civil cases. Wilson v. Bogle, 95 Tenn., 290.

"No rule of practice is better settled or merits more universal application than that the concurrent findings of the master and chancellor upon questions of fact have the same weight in this court as the verdict of a jury in civil cases. Turley v. Cooley, 3 L. R., 193; Brown v. Dailey, 85 Tenn., 218; Turley v. Turley, Ib., 251; Fitzsimmons v. Johnson, 90 Tenn., 418; Dollman v. Collier, 92 Tenn., 660. The same rule is applicable, and should be enforced in the court of chancery appeals. Wilson v. Bogle, 95 Tenn., 290. The weight of the verdict of a jury in civil cases is such that it will not be disturbed in this court if there is any evidence to sustain it. Railway v. Mahoney, 89 Tenn., 312; Sparta v. Lewis, 91 Tenn., 370; Scruggs v. Heiskell, 95 Tenn., 455; Kirkpatrick v. Jenkins, 96 Tenn., 85 (S. C., 33 S. W. R., 819); Citizens' Rapid Transit Co. v. Seigrist, 96 Tenn., 119 (S. C., 33 S. W. R., 912); Mobile, etc., Co. v. House, 98 Tenn., 552 (S. C., 35 S. W. R., 562).

"Therefore the concurrence of the master and the chancellor upon questions of fact will not be disturbed in this court or in any court of chancery appeals, if there is any evidence to sustain it." Ry. v. Knoxville, 98 Tenn., 8-9.

The Supreme Court will not review the concurrent findings of fact by the master and chancellor on questions of accounts, where there is any evidence to support these findings of fact. Nashville Packet Co. v. Neville, 144 Tenn., 705.

We find material evidence sustaining the decree of the chancellor, and it results that the assignments of error are overruled and disallowed, and the decree of the lower court is affirmed. The complainant will recover of the defendant and his surety on appeal bond the costs of the cause, including the costs of the appeal, for which execution will issue as at law.

All concurred except Clark, J., absent.