ALBERT G. DALE *et al. v.* LOUIS HARTMAN, *et al.*[*]

(*Nashville.* December Term, 1927.)

Opinion filed May 26, 1928.

## 1. CONCURRENT FINDING OF MASTER AND CHANCELLOR. EFFECT. APPEAL. COURT OF APPEALS. SUPREME COURT.

When a Master's report has been confirmed by the Chancellor on exceptions as to facts, such concurrence has the force and effect of a verdict of a jury and judgment thereon, and is conclusive in the Supreme Court; and also in the Court of Appeals by the provision of the Act creating that court. (Post, p. 62.)

Citing: Acts 1925, ch. 100; Gibson's Suits in Chancery (Rev. Ed.), secs. 620 and 1302; Turley v. Turley, 85 Tenn. (1 Pick.), 251; Hicks v. Porter, 90 Tenn. (6 Pick), 1, 13; Allen & Hill v. Shanks, Ibid., 359; Fitzsimmons v. Johnson, Ibid., 416; Dollman v. Collier, 92 Tenn. (8 Pick.), 660; Brown v. Dailey, 85 Tenn. (1 Pick.), 218; Wilson v. Bogle, 95 Tenn. (11 Pick.), 290; Whitaker v. Poston, 120 Tenn. (12 Cates), 207; Gleason v. Insurance Co., 127 Tenn. (19 Cates), 8; Wright v. Batchelor Motor Co., 2 Tenn. App., 468, 473; Johnson v. Jones, 1 Tenn. App., 24; Provident Life & Acc. Ins. Co. v. Globe Indemnity Co., 156 Tenn. (3 Smith), 571.

## 2. CONCURRENT FINDING OF MASTER AND CHANCELLOR. EFFECT. APPEAL. COURT OF APPEALS. SUPREME COURT.

A concurrent finding of law, or a mixed question of law or fact, or a fact based upon mere opinions or estimates, such as estimates as to fees of solicitors, or compensation of guardians, administrators and other trustees, is not conclusive, but subject to review in the appellate courts. (Post, p. 64.)

Citing: Gibson's Suits in Chancery (Rev. Ed.), sec. 620; Pearson v. Gillenwaters, 99 Tenn. (15 Pick.), 446; Eagan v. Yeaman, 46 S. W., 1015; Tankesley v. Bell, 37 S. W., 1018; Sutton v. Sutton, 58 S. W., 891.

3. CONCURRENT FINDING OF MASTER AND CHANCELLOR. VALUE OF PERSONAL PROPERTY. EVIDENCE.

The testimony of competent witnesses as to the value of definite items of tangible personal property does not contain such an element of opinion or estimate as to change the rule that the concurrent finding of the Master and Chancellor, has the effect of a verdict of a jury. (Post, p. 66.)

Citing: Whitaker v. Poston, 120 Tenn. (12 Cates), 224.

4. DAMAGES FOR DETENTION OF GOODS. DISCRETION OF CHANCELLOR.

In a suit to recover the value of household goods and personal effects and for damages for the detention thereof, the Chancellor has wide discretion and an allowance of damages on a basis of six per cent from the filing of the bill will not be reversed by this court. (Post, p. 67.)

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2865; 2. Equity, 21 C. J., section 122; 3. ———.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —Hon. James B. Newman, Chancellor.

Garnett S. Andrews, for complainant.

G. S. Moore, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

The Chancellor decreed petitioners entitled to recover the value of certain household goods and personal effects. The value was determined by the Master on a reference and his report confirmed. This concurrent finding was reviewed and disapproved by the Court of Appeals and the amount of the judgment greatly reduced. That Court also disallowed damages for the detention of the goods, fixed by the Master and Chancellor on the basis of six per cent per annum from the filing of the bill, and also divided the costs. Of this action of the Court of Appeals petitioners complain.

(1) While recognizing as general the rule that a concurrent finding of the Master and Chancellor on questions of fact is binding on appeal, counsel for defendants insist, and the Court of Appeals has held, that this rule is without application when the findings of fact are based on mere opinions or estimates of witnesses, and that such is the case here. This is the question presented.

As authority for the exception to the general rule assumed to have application in this case the learned Court of Appeals cites the following: Gibson's Suits (Rev. Ed.), Sec. 620; 4 C. J. 892; *Egan* v. *Yeaman,* 46 S. W., 1015; *Tankesley* v. *Bell,* 37 S. W., 1018; *Sutton* v. *Sutton,* 58 S. W., 891. Supporting its conclusion with an exhaustive review and analysis of the testimony of the witnesses the learned Court of Appeals says, "after a careful examination of the whole record we are of opinion that the property . . . was valued too high." It is insisted that the burden of this exacting labor may not properly be thrown upon the Appellate Courts in cases of this character, that it is the purpose of the well-established rule invoked by petitioners to relieve the Appellate

Courts of just such a burden; that the parties have had their day in Court, when a Master has reported on evidence adduced before him and unexcepted to as to a question of fact, and his report has been duly considered and confirmed by the Chancellor. Counsel for petitioners rely upon *Turley* v. *Turley,* 85 Tenn. (1 Pick.), 251; Gibson's Suits (Rev. Ed.), Sec. 620; and particularly Chapter 100, Acts 1925, page 240. The pertinent language of Section 12 of the Act just cited, creating the Court of Appeals and defining its jurisdiction and duties, is as follows: ''Where there has been a concurrent finding of the Master and Chancellor which under the principles now obtaining is binding on the Appellate Courts, the Court of Appeals shall not have the right to disturb such findings.'' The rule of practice theretofore in effect was thereby given the added force of legislative enactment. What is this rule—''the principles now obtaining?'' Mr. Gibson fairly states it: ''When a Master's report is confirmed by the Chancellor on exceptions as to facts, such concurrence has the force and effect of a verdict of a jury and judgment thereon, and is conclusive in the Supreme Court,''—or now, the Court of Appeals. Sec. 620. And in Section 1302 he restates the rule in much the same terms. He cites *Turley* v. *Turley,* 85 Tenn., 251; *Hicks* v. *Porter,* 90 Tenn., 1, 13; *Allen & Hill* v. *Shanks, Ibid.,* 359; *Fitzsimmons* v. *Johnson, Ibid.,* 416, and *Dollman* v. *Collier,* 92 Tenn., 660. To these may be added, among others, *Brown* v. *Dailey,* 85 Tenn., 218, wherein Mr. Justice SNODGRASS for the first time authoritatively lays down this rule and fully and forcefully states the reason for it, founded as it is upon necessity for the dispatch of business by the Appellate Courts. He also calls attention to the superior opportunity which the Master

has on reference for arriving at the truth with respect to disputed questions of fact. In the case of *Turley* v. *Turley, supra,* decided at the same term and reported in the same volume, Mr. Justice LURTON expressly affirms the holding in *Brown* v. *Dailey,* and supports the rule by reference to many authorities in other jurisdictions, as well as by citations from leading textbooks. Other more recent cases are *Wilson* v. *Bogle,* 95 Tenn., 290; *Whitaker* v. *Poston,* 120 Tenn., at page 224 (where the rule was applied to a finding fixing the value of timber), and *Gleason* v. *Ins. Co.,* 127 Tenn., page 1314. And in *Wright* v. *Batchelor Motor Co.,* 2 Tenn. App., 468-473, an able opinion by presiding Judge FAW of the Court of Appeals, the pertinent provision in the Act of 1925, hereinbefore quoted, is referred to and given application in the enforcement of this rule. Also see *Johnson* v. *Jones,* 1 Tenn. App., 24, wherein the authorities are reviewed and the rule recognized that the concurrence of the Master and the Chancellor upon questions of fact will not be disturbed on appeal, if there is any evidence to sustain it. In this connection we refer to the recently reported case of *Provident Life & Acc. Ins. Co.* v. *Globe Indemnity Co.,* 3 S. W. Rep. (2nd), 1057, opinion by Special Judge SEAY, wherein attention is called to the necessity for a reference to the Master of all matters of complicated accounting, and the effect of the waiver thereof.

*(2)* Now Mr. Gibson, in Section 620, *supra,* follows his statement of the general rule above quoted with the statement that, ''a concurrent finding of law, or of a mixed question of law and fact, or of fact based on mere opinions or estimates, is not conclusive but subject to review,'' etc. In the instant case the learned Court of Appeals takes the view insisted upon by counsel for defend-

ants, that we have here a finding of fact "based on mere opinions or estimates." The only case cited by Mr. Gibson is *Pearson* v. *Gillenwaters,* 99 Tenn. (15 Pick.), 446, but it is significant that after citing this authority Mr. Gibson adds in his note, "such as estimates as to fees of solicitors, or compensation of guardians, administrators and other trustees." Thus he clearly implies that it is matters of this peculiar character to which the exception stated by him, and herein relied on, has application, and the case cited by him, *Pearson* v. *Gillenwaters, supra,* is clearly so limited, that being a contest over the compensation due to an administrator, the Court emphasizing the distinction applicable to cases in which fees for legal or trust services are involved. The reason for the distinction is obvious. As already intimated, the question of the value of services rendered by an attorney, or receiver, or other trustee, when the facts have been set forth in proper detail as to the actual services rendered, is a matter purely of opinion or estimate, as to which the witnesses testifying, and the Master himself, can have no better basis for a fair opinion, if indeed so good, as the members of an Appellate Court, possessed normally of training and experience which peculiarly fits them to form and to review such an opinion.

In addition to the Pearson case just referred to, several opinions of the Court of Chancery Appeals were cited by the Court of Appeals. None of these affect the rule, or go to the particular exception herein under consideration. In *Eagan* v. *Yeaman,* 46 S. W., 1015, the Appellate Court concluded that the Chancellor was in error *as a matter of law* in fixing the basis for the reference. In *Tankesley* v. *Bell,* 37 S. W., 1018, the Court held the concurrent finding rule inapplicable because it was not

157 Tenn.—5.

the amount which was in dispute, but a question of law as to whether or not the amount constituted usury. In *Sutton* v. *Sutton*, 58 S. W., 891, the Court held merely that the rule did not apply where the facts were undisputed, calling only for a conclusion of law.

(*3*) We are unable to agree with the learned Court of Appeals that the exception invoked has application to the case now before us, in which it is apparent that the concurrent finding related alone to the matter of the value of definite items of tangible personal property, as to which witnesses before the Master had knowledge and observation and testified, and as to which an Appellate Court could have no independent judicial judgment, or opinion.

The question of the value of these articles was litigated in the trial court over a number of years, several references were had, many depositions were taken and reports made, to which exceptions were filed and fully argued, and all of the disputed issues fully and more than once considered by the Chancellor. While in a certain limited sense every expression of value carries with it an element of opinion or estimate, the application of this language and exception to findings of the value of tangible personal property, such as we have here, would greatly weaken the general rule and result in a useless increase of detailed labor by the appellate courts which would encumber and delay the administration of justice. No distinction can be drawn between testimony fixing the value of timber, for example, as in *Whitaker* v. *Poston,* *supra,* and that fixing the value of clothing, furniture and other household goods, such as is here involved. In this view, it cannot be questioned that there is evidence supporting the concurrent finding herein.

*(4)* Nor have we been able to find any proper basis for the overruling of the decree of the Chancellor in the matter of the allowance of damages on the basis of six per cent from the filing of the bill. Wide discretion belongs to the Chancellor in this matter, as well as in that of cost.

It results that the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed.