Ollie J. HOPKINS, d/b/a Jim Hopkins & Son, Appellant,

v.

FIRST TENNESSEE NATIONAL BANK, Appellee.

Court of Appeals of Tennessee, Western Section.

Oct. 13, 1977.

Rehearing Denied Nov. 28, 1977.

Certiorari Denied by Supreme Court Jan. 16, 1978.

David S. Haynes, Bristol, for appellant.

Frank K. Moore, Kingsport, for appellee.

NEARN, Judge.

Ollie J. Hopkins appeals from an adverse judgment rendered in the Chancery Court for Sullivan County at Kingsport.

Counsel for appellant asserts, and opposing counsel agrees, that the case comes to this Court for a review *de novo* with a presumption that the decree below is correct unless the evidence preponderates to the contrary. T.C.A. § 27–303. In part, both counsel are incorrect.

Hopkins filed his bill in the Chancery Court for a declaration of the rights, duties and liabilities between the parties arising out of mutual business transactions. The Chancellor appointed a Special Master to hear proof and report to the Court *inter alia*, the amount of indebtedness, if any, owed by Hopkins to the bank. The Master heard extensive proof and determined that Hopkins had as a matter of fact received from and owed the bank $39,645.46 principal by virtue of 14 notes either signed by Hopkins or signed by another for him, and that Hopkins had received every dime the bank said he received. The Chancellor confirmed the report of the Master.

■ Facts found by a Master and concurred in by the Chancellor are unassailable on appeal on the "preponderance of the evidence" test of T.C.A. § 27–303. On appeal such approved fact finding has the same weight as a jury verdict at law. *Staggs v. Herff Motor Co.* (1965) 216 Tenn. 113, 390 S.W.2d 245; *Brown v. Dailey* (1886) 85 Tenn. 218, 1 S.W. 884. We have no right to disturb such findings (T.C.A. § 27–113) unless it is (a) a matter which should not have been referred to the Master, or (b) there is *no* evidence to sustain the finding. See *Ferrell v. Elrod* (1971 M.S.) 63 Tenn. App. 129, 469 S.W.2d 678.

■ Matters of accounting are proper items to submit to a Master.

There was evidence that Hopkins received the funds and either signed notes for same or authorized another to sign his name for him. The full amount due the bank for money loaned was determined to be $46,426.01. Such fact is now unreviewable. However, that determination on our part is not determinative of the appeal.

Counsel for appellant alleges that the Master made no finding regarding certain set offs claimed by Hopkins and that both the Master and the Chancellor erred in not allowing same.

The Assignments of Error addressed to matters allegedly not determined by the Master require that we examine the record to determine if, in fact, the Master did fail to make a finding of fact regarding the alleged set offs. If no finding on the issue was made by the Master and the Chancellor alone determined the issue, such determination would be reviewable under the rule of T.C.A. § 27–303, as there would not be a concurrent finding of fact by the Master and Chancellor.

■ Our examination of the record reveals that the record itself is deficient, but, in our opinion, the deficiency will not prove fatal to a consideration of the matter of set offs. Although the transcript of certain proceedings before the Chancellor and orders contained in the technical record indicates that exceptions to the report of the Master were made,[1] the record is bare of any filed exceptions to the Master's report. However, the Master's report is in the record and, in our opinion, affirmatively shows that the matter of certain set offs was not considered by him. Exceptions are necessary in those cases where it is charged that the Master came to a wrong conclusion on matters referred to him. When the charge is that the Master failed to report upon matters referred to him it is inappropriate to file exceptions to the report, for it is not what is in the report that is complained of; it is what is not in the report that is the subject of the complaint. See Gibson's Suits in Chancery, 5th Ed. § 659.

The fact that no filed exceptions are found in the record is an additional reason why we may not review the matters of fact which were found by the Master and con-

curred in by the Chancellor, but affords no reason to prevent us from reviewing that which was not determined by the Master.

The record indicates that Hopkins owns and operates an automobile salvage yard and repair shop. Hopkins needed a line of credit and obtained same from First Tennessee National Bank. Over a period of about one year Hopkins dealt exclusively with Dennis Phillips, a bank officer. Phillips and Hopkins became friends and began to engage in business transactions between themselves, separate and apart from the banking business. Phillips and Hopkins together bought and sold used cars as a sideline. As a result of the friendship and private mutual business interests, the business practices between Hopkins and the bank became sloppy. To say the least, sound business and banking procedures were not applied. Hopkins kept no records of his dealings with and borrowing from the bank. Later, Phillips left the employ of the bank. The bank requested payment from Hopkins of 14 notes in its file. Hopkins had no records and requested that the bank show him by the records what was owed. During these negotiations Hopkins filed this bill for declaratory judgment.

The claimed set offs upon which the Master failed to make a determination and which we may consider, are alleged losses of Hopkins caused by the bank's alleged (a) honoring of a draft with the wrong documents attached, (b) misplacing of vehicle titles, and (c) failing to deposit Hopkins' funds to his account.

■ In this matter of set offs the burden was upon Hopkins to prove same. He who alleges a fact must prove it. Evidently the Chancellor was of the opinion that Hopkins had not carried that burden. The evidence does not preponderate against that conclusion by the Chancellor. Hopkins kept no books or records and sought to prove depos-

---

1. For example, counsel for appellee in addressing the Chancellor on March 5, 1976, stated, "___appearance would be made for the purpose of filing replies to exceptions, which exceptions consisted of sixty-four pages___."

its to the bank through Phillips solely by oral testimony which Phillips denied. Hopkins had not so much as a copy of a deposit slip. We consider all of Hopkins' evidence regarding these alleged set offs to be weak and improbable. Therefore, all Assignments of Error addressed to matters of set off are overruled with the result that the decree below is affirmed.

Costs are adjudged against the appellant and surety.

Honorable William H. Inman, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. Carney.

Done at Knoxville in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

MATHERNE, J., and INMAN, Special J., concur.

## OPINION AND ORDER ON PETITION

■ A Petition to Rehear and for Diminution of the record has been filed by appellant, to which a response was duly filed by appellee. The petition cites no reason why we should rehear the matter. It simply "moves the Court to rehear the above styled case". Additionally, the petition seeks an order of diminution to the Trial Court to send up a part of the technical record allegedly omitted, i. e., appellant's "Exceptions to the Report of Special Master".

After consideration of the requests we must deny both.

The petition to rehear portion of the request gives no reason why the matter should be reheard and was not filed within the time requirements of Rule 22 of this Court.

■ A suggestion for diminution of the record is late if not made prior to argument. Such suggestions are to be accompanied by *certified* copies of the omitted record. The suggestion is both late and deficient. Also, it is inappropriate.

As we tried to point out in our first Opinion, concurrent findings of fact of the Master and Chancellor are not facts which we may review by weighing and deciding where we think the preponderance of the evidence lies. We are forbidden by statute to reweigh such fact finding. T.C.A. 27–113. Such concurrent fact finding has the same effect as a jury finding of fact. We may not weigh the preponderance of evidence in jury findings. We reject all such Assignments of Error that suggest we do. If the Assignment of Error is that there is *no* (meaning not any) evidence to support the findings or verdict, we may consider such Assignment of Error; but we do not weigh evidence as a fact finding body. We simply ascertain if there is any evidence to support the verdict. We search for its presence in the record. This is a purely legal determination, for if we find such evidence to be in existence we do not weigh it, but affirm merely because of its existence.

The majority of appellant's complaints on appeal stated that the evidence preponderated against the concurrent findings of Master and Chancellor. We could not consider them.

As further pointed out, one area of complaint, i. e., set offs, did not involve a concurrent finding of Master and Chancellor because that area of proof was not considered by the Master but weighed by the Chancellor alone. Therefore, the fact finding complaint was reviewable on the scales of "preponderance of the evidence". As requested, we did so review and found that the evidence did not preponderate against the finding of the Chancellor.

Lest we should be faulted for failing to follow the general rule that a Master's report unexcepted to below may not be complained of on appeal, even in an Assignment of Error that there is no evidence to support the joint finding, we pointed out that

no exceptions were required to be filed as to facts *not* found by the Master.

Therefore, the bringing up of the allegedly omitted exceptions from below will not empower us to reweigh evidence on appeal on a preponderance scale as requested and the filing of exceptions to a Master's report was entirely unnecessary in the matter of the set offs considered by this Court.

Diminution of the record would not enhance appellant's position one iota and would be the equivalent of flogging a dead horse.

It is therefore ORDERED that the petition is denied at petitioner's cost.