IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

February 17, 2005 Session

ROGER MCGEE ON BEHALF OF BRIDGEWOOD BAPTIST CHURCH v.
POLLY HOLMES, KENNETH HOLMES AND TONI COX

An Appeal from the Chancery Court for Shelby County
No. 99-0244-1     D. J. Alissandratos, Chancellor

No. W2004-00670-COA-R3-CV - Filed July 8, 2005

This is a church dispute. The plaintiff, acting on behalf of the unincorporated church, sued several church members for fraud, conversion, and breach of fiduciary duty. The trial court ordered a vote by the remaining church members on whether to pursue the lawsuit, conducted by a special master. The thirty-five church members voted to pursue a claim against three defendants. After years of litigation, and the addition and deletion of certain defendants, the trial court ordered a second vote by church members on whether to continue the lawsuit. The five remaining church members, two of whom were defendants in the original suit, voted to dismiss the lawsuit. The trial court then dismissed the lawsuit. The plaintiff appealed, arguing that the trial court erred in ordering a second vote. We affirm, finding that the trial court's actions were reasonable and within the scope of its authority.

Tenn. R. App. P. 3 Appeal as of Right; the Judgment of the Chancery Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Stuart B. Breakstone, Memphis, for plaintiff/appellant Roger McGee

W. Clark Washington, Memphis, for defendants/appellees Ken and Polly Holmes

John D. Horne, Memphis, for defendant/appellee Toni Cox

**OPINION**

Bridgewood Baptist Church ("Bridgewood") was an unincorporated church located in Arlington, Tennessee. In March 1999, plaintiff Roger McGee ("McGee"), a member of Bridgewood, filed a lawsuit on behalf of Bridgewood against Polly Holmes, Kenneth Holmes, and Hawaiian Pools, a Tennessee corporation owned by Polly and Kenneth Holmes. The lawsuit alleged that Polly Holmes, as an officer and trustee of Bridgewood, "intentionally failed to perform her duties as such so that funds and assets of Bridgewood were mismanaged, wasted and diverted to Defendants, Polly Holmes, Kenneth Holmes and Hawaiian Pools." The attorney representing McGee on behalf of Bridgewood was Stuart Breakstone.

In response, a motion was filed by another church member, Toni Cox, also on behalf of Bridgewood, seeking substitution of counsel and a declaration that McGee was not a member of Bridgewood and had no authority to speak for the church. The motion asked the court to dismiss the claims asserted by McGee on Bridgewood's behalf. On July 12, 1999, the trial court denied this motion and referred the matter to Special Master Kenny Armstrong ("Special Master Armstrong") with the following instructions:

> a. Determine the present status of the Bridgewood Baptist Church.
> b. If the Bridgewood Baptist Church is no longer in existence, determine the date the Church ceased to exist, and determine the membership of the Church immediately prior to the time it ceased to exist.
> c. If the Church is still in existence, determine the present membership of the Church.
> d. Submit the following questions to the vote of the membership, which the Clerk and Master shall determine, as of the present, or immediately prior to the time the Church may have ceased to exist, depending upon his conclusion;
> > (1) Shall Stuart Breakstone be authorized to represent the Bridgewood Baptist Church as its attorney in this pending lawsuit?
> > (2) Do the members of the Church wish to pursue the claims Roger McGee has asserted against Polly Holmes, Kenneth Holmes, and Hawaiian Pools in this lawsuit?
> > (3) The foregoing questions submitted to the Church shall be decided by a simple majority vote.
> e. The ballots of Roger McGee, Polly Holmes and Kenneth Holmes shall be marked by the Clerk and Special Master prior to conducting the above vote (a) taking votes of the parties into consideration, and (b) without taking the votes of the parties into consideration.

On August 9, 1999, pursuant to the directions of the court, Special Master Armstrong conducted a preliminary hearing on the matter. He determined that the church was no longer in existence and that money was being held in the church operating account for the purpose of winding up church business. Special Master Armstrong named 45 church members who, based on

-2-

Bridgewood's September 1996 roster, were eligible to vote on Bridgewood's business matters. The required vote was scheduled.

Evidently, the issues on which the church members were to vote generated strong emotions. On October 29, 1999, the trial court entered a consent order assigning "four uniformed Deputy Sheriffs" to assist the Special Master in conducting the court-ordered vote on Bridgewood's business.

The vote on Bridgewood's business matters was held on September 1, 1999, apparently without incident. Special Master Armstrong submitted his final report on the matter to the trial court on November 8, 1999.[1] Thirty-five Bridgewood members voted. The results were tallied, both including and excluding the three members who were parties to the litigation. The results of the vote were as follows:

Shall Stuart Breakstone be authorized to represent the Bridgewood Baptist Church as its attorney in this pending lawsuit?
| | | | |
|---|---|---|---|
| With Parties: | Yes 20 | No 15 |
| Without Parties: | Yes 19 | No 13 |

Do the members of the Church wish to pursue the claims Roger McGee has asserted against Polly Holmes, Kenneth Holmes and Hawaiian Pools in this lawsuit?[2]
| | | | |
|---|---|---|---|
| With Parties: | Yes 19 | No 15 |
| Without Parties: | Yes 18 | No 13 |

As a result of this vote, the trial court authorized McGee to proceed with the lawsuit on behalf of Bridgewood, with Stuart Breakstone acting as attorney.

By order on February 17, 2000, McGee voluntarily dismissed Bridgewood's claims against Hawaiian Pools. On March 10, 2000, McGee filed a motion to amend the complaint to name as individual defendants church members Toni Cox ("Cox") and Gay Darden ("Darden"), both of whom were officers or trustees of the church. McGee alleged that Cox and Darden had acted in furtherance of the scheme to defraud the church, and that they breached their fiduciary duties to the church. McGee also asserted that these members caused Bridgewood's real property to be wrongfully donated to the Tennessee Baptist Children's Home ("Baptist Children's Home") and therefore moved to add the Baptist Children's Home as a named defendant.

On May 11, 2000, McGee filed an amended complaint asserting numerous wrongful acts by Polly and Kenneth Holmes, Cox, and Darden. McGee alleged, *inter alia*, that Polly Holmes and Cox failed to follow Bridgewood's procedures in electing trustees, improperly removed members from the church roster, and that Polly Holmes and Cox caused the funds and assets of Bridgewood to be

---

[1] The report was signed by Arnold V. Lindseth, Jr. as Reference Master on behalf of Special Master Armstrong.

[2] Less than thirty-five voters cast a vote on this question.

"mismanaged, wasted and diverted" to Defendants Polly Holmes, Kenneth Holmes, Cox, and Hawaiian Pools. The amended complaint sought an accounting of the losses sustained by Bridgewood as a result of these actions, and asked that Polly and Kenneth Holmes, Cox and Darden be required to repay all sums they allegedly owed to Bridgewood. The amended complaint also asked the trial court to set aside the quitclaim deed transferring Bridgewood's real property to the Baptist Children's Home.

In response to the amended complaint, defendants Cox and Darden filed a motion to dismiss, in part claiming that McGee failed to join an indispensable party, the Macon Road Baptist Church. Cox and Darden stated that the real property originally owned by Bridgewood had been donated by the Baptist Children's Home to Macon Road Baptist Church on December 14, 1999. As a consequence, McGee later made an oral motion to add Macon Road Baptist Church as a defendant.

All of this prompted the Baptist Children's Home to file a motion asking the trial court to require McGee to seek further authority from Bridgewood in order to amend the complaint to add Macon Road Baptist Church as a defendant and to continue litigation against a fellow Baptist institution, the Baptist Children's Home.

The trial court granted the motion of the Baptist Children's Home and by order dated November 30, 2000, required McGee to seek further authority from Bridgewood to proceed further. The court ordered Bridgewood to conduct a special meeting at a time and place agreed upon by the parties and, at this meeting, to conduct a vote on the specified issues. The issues to be determined by this vote were:

(a) Should the suit be continued against Kenneth and Polly Holmes?
(b) Should the suit be continued against the Defendants, Toni Cox and Gay Darden?
(c) Should the suit be continued against Tennessee Baptist Children's Home as a Defendant, seeking to set aside the transfer by the Bridgewood Baptist Church on October 7, 1998 to the Home?
(d) Should the suit be amended to include as a defendant, Macon Road Baptist Church, the purchaser of the Church property?
(e) If the suit is to be continued, should attorney Stuart B. Breakstone continue as attorney for the Church?

The parties could not agree on the procedures for the vote. As a result, on January 19, 2001, McGee filed a motion asking the trial court to determine issues such as the location of the meeting, the roll call procedure, who would be permitted to attend the meeting, who would be permitted to speak at the meeting, absentee voting, telephone voting, whether the votes would be cast by secret ballot, and who would be entitled to vote. Not long after that, orders were entered in which McGee, on behalf of Bridgewood, dismissed the claims against the Baptist Children's Home, withdrew the motion to add as a defendant the Macon Road Baptist Church, and declared that he would no longer seek to set aside the transfer of the Church's real property.

By order dated June 15, 2001, the trial court ruled on McGee's motion to have the trial court establish the procedures for the vote. The order states:

> 2. That the members who may vote at the special meeting of Bridgewood Baptist Church are to be those individuals who were attending Bridgewood Baptist Church on a regular basis, as determined by a reasonable test, and who were financially were (sic) supporting the said Bridgewood Baptist Church regarding the sale of the real property to the Tennessee Baptist Children's Home, Inc., on October 7, 1998.
> * * *
> 4. That the continuation by the Plaintiff of this cause of action against the Defendant, Tennessee Baptist Children's Home, Inc., and any additional Defendants, should be promptly determined by Plaintiff.
> 5. That, if, subsequent to the decision of the members of Bridgewood Baptist Church at the special meeting of Bridgewood Baptist Church to be conducted hereafter, Plaintiff desires to continue this cause of action against any of the Defendants, the Plaintiff should amend the Complaint herein and state with particularity each and every alleged act of fraud, including, but not limited to, each alleged fraudulent act of each Defendant and the specific time of each alleged act of fraud by each Defendant.

On the same day as the above order, June 15, 2001, a consent order was entered in which McGee, on behalf of Bridgewood, agreed to dismiss Gay Darden as a defendant.

On June 29, 2001, in response to the June 15, 2001 order establishing the procedure for the vote, McGee filed another motion. In this motion, McGee asked the trial court to reconsider the criteria used to determine which members were eligible to vote because, McGee asserted, the individuals attending and supporting Bridgewood on October 7, 1998 were "not a fair and accurate sampling of the individuals who make up the will and the fiscal base of the Church." McGee argued that the events that were the basis for the lawsuit had taken place over a long period of time and had resulted in the waste of the funds of numerous church members. Based on this, McGee asked that the list of persons eligible to vote be expanded to include those who were members at the time of all of the alleged wrongdoings. By order dated July 25, 2001, the trial court denied the motion, thus maintaining the criteria for eligible voters set forth in the June 15, 2001 order.

In September 2001, McGee filed a motion seeking a hearing before the Special Master. The motion stated that, under the criteria set by the trial court's June 15, 2001 order, the parties were still unable to agree upon a list of members eligible to vote on behalf of Bridgewood and asked the trial court to allow the Special Master appointed in the case to conduct a hearing on this issue. The trial court granted this motion.

Jack Sammons ("Sammons") was appointed as Special Master and conducted the hearing on the matter on December 21, 2001. Sammons later reported his findings to the trial court. Sammons' report consisted of a transcript of the hearing and a lengthy and detailed report on his findings. Based on the oral testimony of church members and a review of the church's financial records, Sammons

found that seven members of Bridgewood were eligible to vote, based on their attendance and financial support of Bridgewood. Those seven members were Toni Cox, Gay Darden, Ken Holmes, Polly Holmes, Peggy Hood, Belinda Summers, and Lee Summers.

Defendants Polly Holmes, Ken Holmes and Toni Cox then petitioned the trial court to confirm Sammons' report. Not surprisingly, McGee objected to Sammons' conclusions regarding who should be allowed to vote on Bridgewood's business matters. McGee asserted, *inter alia*, that Cox and Darden did not meet the requirements to vote set forth in the June 15, 2001 order because they did not support Bridgewood financially. McGee also moved that it would be improper for Ken and Polly Holmes to vote since they were also defendants.

On April 11, 2003, after hearing arguments from the parties and reviewing the record, the trial court agreed with McGee's objection as to Cox and Darden and refused to allow them to vote. In all other respects, however, the trial court confirmed Sammons' report. As a result, the five remaining members of Bridgewood were deemed eligible to vote: Ken Holmes, Polly Holmes, Peggy Hood, Belinda Summers, and Lee Summers. The trial court ordered Sammons to conduct a vote on the following questions:

a. Shall Stuart Breakstone be authorized to represent Bridgewood Baptist Church as its attorney in this pending lawsuit?

b. Do the members of the Bridgewood Baptist Church wish to pursue the claims of Roger McGee asserted against Polly Holmes, Ken Holmes, and Toni Cox in this lawsuit?

In October 2003, Sammons sent ballots to all five voting members of Bridgewood, polling them on the two questions noted above. Sammons later reported the vote tally as follows:

a. Shall Stuart Breakstone be authorized to represent Bridgewood Baptist Church as its attorney in this pending lawsuit?
    No - 5 Votes
    Yes - 0 Votes

b. Do the members of the Bridgewood Baptist Church wish to pursue the claims of Roger McGee asserted against Polly Holmes, Ken Holmes, and Toni Cox in this lawsuit?
    No - 5 Votes
    Yes - 0 Votes

The members of Bridgewood have unanimously voted to neither allow Stuart Breakstone to represent Bridgewood in this lawsuit nor to pursue the claims asserted by Roger McGee.

Thereafter, the defendants moved to confirm the special master's report and to dismiss the case with prejudice. In January 2004, after approximately five years of litigation among church members, the trial court confirmed Sammons' report and dismissed McGee's lawsuit. From this

order, McGee now appeals. On appeal, McGee asserts that the trial court erred in ordering Bridgewood to conduct a second vote in April 2003, and in using different criteria to determine eligible voters than the criteria utilized in the original vote of Bridgewood members.

Section 27-1-113 of the Tennessee Code Annotated provides that "[w]hen there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the court of appeals shall not have the right to disturb such findings." Tenn. Code Ann. § 27-1-113 (2000). However, this rule is not applicable:

> (1) where it is upon an issue not proper to be referred (*State ex rel, [Weaver] v. Bolt*, 130 Tenn. 212, 169 S.W. 761); (2) where it is based on an error of law (*Hord v. Holston River Railroad [Co.]*, 122 Tenn. 399, 123 S.W. 637, 19 Ann. Cas 331, 135 Am. St.Rep. 878); (3) where it is upon a question of law or mixed fact and law (*Dale v. Hartman*, 157 Tenn. 60, 6 S.W.2d 319); or (4) where it is not supported by any material evidence."

*Staggs v. Herff Motor Co.*, 390 S.W.2d 245, 251 (Tenn. 1965). Here, McGee does not necessarily appeal the factual findings of the Special Master; rather, he appeals the trial court's decision to conduct a second vote and the criteria it utilized to determine the roster of eligible voters.

On appeal, McGee notes that the persons entitled to vote in the court-ordered November 1999 election were those on the church membership roster in September 1996, the time the claims arose. McGee asserts that, under Rule 23.04 of the Tennessee Rules of Civil Procedure, the court was authorized only to determine whether McGee fairly and adequately represented the interests of Bridgewood. *See* Tenn. R. Civ. Proc. 23.04. At that time, a majority of the thirty-five voting members voted to permit McGee, on behalf of Bridgewood, to pursue the claims against Polly and Kenneth Holmes and Hawaiian Pools.

The claim against Hawaiian Pools was later dropped. McGee also added the Baptist Children's Home as a defendant and moved by oral motion to add Macon Road Baptist Church as a defendant. Considering all of the changes made to the original claims, the trial court determined that additional approval from Bridgewood was necessary and ordered a second vote. McGee maintains that, because he later dismissed the claims against the Baptist Children's Home and withdrew his motion to add Macon Road Baptist Church as a defendant, the second vote became unnecessary. McGee asserts that "the election conducted on November 7, 1999 addressed the exact same questions as the election conducted on October 30, 2003" and that the only difference was the roster of persons entitled to vote in the second election.

The first vote, however, granted McGee the authority on behalf of Bridgewood to pursue claims against Polly Holmes, Kenneth Holmes, and Hawaiian Pools. McGee then dismissed the claims against Hawaiian Pools and added Toni Cox, Gay Darden, the Baptist Children's Home and Macon Road Baptist Church as defendants. The claims against Gay Darden, the Baptist Children's Home, and Macon Road Baptist Church were later dismissed. The record is clear that the second vote

addressed permission to pursue claims against "Polly Holmes, Kenneth Holmes, and Toni Cox;" it omitted Hawaiian Pools as a defendant and added Toni Cox as a defendant. Thus, the second vote was, in fact, not identical to the first. Moreover, the trial court was entitled to consider the entire convoluted course of the litigation, repeatedly amending the complaint and adding and later dropping as defendants additional church members and other Baptist institutions. In view of all of this, as well as the considerable passage of time, the trial court had a reasonable basis for its decision to conduct a second vote in order to determine if continuing with the litigation comported with the wishes of the remaining members of Bridgewood.

McGee further asserts that the trial court erred in applying different criteria to determine the members entitled to vote in the second election. For the second election, the members permitted to vote were those who were attending and supporting Bridgewood as of the date the real property was transferred. This criteria resulted in only five members being eligible to vote, two of whom are the defendants Kenneth and Polly Holmes. Considering all of the circumstances, we find that criteria used to determine the roster of eligible voters for the second vote were not unreasonable, and that the trial court did not err in this regard. All other issues raised on appeal are pretermitted.

The decision of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Roger McGee, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE