5L 682
2pi 277

5L 682
d110 633
110 634

Cowan, McClung & Co. v. Luther F. Wells *et al.*

1. **Will.** *Construction.* By one clause of a will an absolute estate in land is vested in the testator's son; by a subsequent clause it is provided that if the son die without heirs the land shall be divided between the testator's three daughters. *Held*, that the daughters take a contingent remainder, dependent upon the son's dying without children living at the time. If this contingency does not happen, the estate remains absolute under the first clause, and in neither event would the children of the son take anything *under the will.*

   *In accord: Alston* v. *Davis*, 2 Head, 266; *Petty* v. *Moore*, 5 Sneed, 126.

2. **Caancery Practice and Pleadings.** *Order pro confesso.* A judgment *pro confesso* admits the *facts* alleged in the bill, but not the conclusions of law charged.

---

### FROM HANCOCK.

Appeal from the Chancery Court at Sneedville. H. C. Smith, Ch.

F. W. Fulkerson for complainants.

J. T. & J. K. Shields for defendants.

McFarland, J., delivered the opinion of the court.

The complainants claim to be the owners of a tract of land in Hancock county, by virtue of a sheriff's deed, founded upon a judgment and execution against Luther F. Wells. They charge that they are unable to sell or dispose of the land owing to doubts existing as to the title of Luther F., it being claimed that his children have some title or interest. The

five children of said Luther F. are made defendants, and the court is asked to construe the will of John S. Wells, upon which the title depends, and declare whether or not the said children of Luther F. have any title. Said defendants answered by a guardian *ad litem*, insisting that by a proper construction of said will, they have a remainder interest.

The will of John S. Wells by the 5th clause devises the land in controversy and other property to said Luther F. Wells, and it is not denied that the words of this clause, taken alone, are sufficient to vest the said Luther F. with an absolute estate. But the 8th clause is in these words: "I direct that should my son Luther F. Wells die without heirs, then and in that case the property that I have hereby given to him shall be equally divided between my three daughters, Linda Lane, Louisa Nash and Lavena Miller."

Luther F. Wells was, at the date of the will, an unmarried man, but was subsequently married, and at the filing of the bill had five children. It is argued in their behalf that as the will provides, in the event of Luther F. Wells' death without "heirs," evidently meaning in this connection children, that the remander over shall vest in the sisters of Luther F., it was the evident intention of the testator that if Luther F. left children they should take the estate, and they were therefore vested with an estate in remainder by implication. We are of opinion, however, that a contrary construction is the well-settled rule in such cases. The 5th clause vests Luther F. with an absolute title.

The 8th clause simply raises an executory devise over in favor of the sisters upon the contingency of Luther F. dying without "heirs," or "children."

The only way in which the absolute title vested by the 5th clause can be defeated, is the happening of the contingency specified in the 8th clause, that is upon Luther F. dying without heirs, and then the remainder vests in the sisters, or as Judge McKinney expresses it: "The general principle is well established, that where by the will an absolute gift of the property is made in the first instance, followed by a limitation over on the death of the devisee or legatee, the absolute gift is not taken away unless the gift over may itself take effect." The cases of *Alston* v. *Davis*, 2 Head, 266, and *Petty* v. *Moore*, 5 Sneed, 126, are conclusive.

If the contingency happens, the limitation over in favor of the sisters takes effect; if it does not happen, the absolute gift to the first taker remains undisturbed; in neither event do the children of Luther F. take any interest under the will. The authorities referred to in reference to estates by implication do not apply.

The three sisters mentioned in the 8th clause, or their representatives, are made defendants by an amended bill, in which it is charged that they take no interest, and it is argued that as they permitted a judgment *pro confesso* to go against them, they are precluded from denying this construction. A judgment *pro confesso*, however, simply admits the *facts* charged, and under the act of 1851–2, Code 2009, we hold that

the limitation over in favor of the sisters will take effect in the event Luther F. dies without heirs or children "living at his death."

The decree will be reversed and a decree in accordance with this opinion. The costs, however, must be paid by the complainants.