THE STATE OF TENNESSEE AND COUNTY OF DAVID-
SON *v.* CAROLINE LEWIS *et al.*

SUPREME COURT PRACTICE. *Appeal. Costs.* The discretion of the chan
cellor in the disposition of the costs of a cause will not, upon an ap-
peal taken solely for that purpose, be revised by this court except
in a clear case of abuse.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.    A.
G. MERRITT, Ch.

JOHN RUHM and T. L. DODD for complainant.

KENNEDY & MORRIS for defendants.

COOPER, J., delivered the opinion of the court.

The original bill was filed March 15, 1880, to en-
force the lien for taxes due the State and county for
the years 1868, 1872, 1873, 1874 and 1878, on a spec-
ified lot of land of about nine acres lying in the 15th
civil district.    In fact, the taxes were assessed on a
lot of about five acres in the 9th civil district.    On
May 5, 1881, the complainants filed an amended bill
against L. P. Hagan as the owner of the property
described in the bill.    Hagan answered admitting that
he was the owner of the lot of nine acres described
in the bill, and that it did not belong to the persons
made defendants to the original bill, and that there
were no taxes due and unpaid on the lot.    He fur-

State and County of Davidson *v.* Lewis.

ther states in his answer that the taxes claimed had been assessed on a lot of about five acres across the turnpike, and some distance from his land in the 9th civil district. After the filing of this answer, the depositions of the back tax collector and the clerk of the circuit court seem to have been taken and filed, but by whom does not appear. These depositions show that the taxes for 1868 on the five acre lot were paid in 1869, and the other taxes sued for on April 26, 1881, to the proper officers. The complainants made no application to amend. And the chancellor, upon the hearing, dismissed the bill at the cost of the State and county respectively. The complainants appealed, and now assign as error the disposition made by the chancellor of the costs. But, in a court of chancery, the costs may, in the discretion of the chancellor, be adjudged against even a successful party: *Allen* v. *Stevens,* 2 Head, 251; *Ogg* v. *Leinart,* 1 Heis., 40. And the complainants can scarcely be called the successful parties, since they failed to show any unpaid taxes against the land which they sought to reach by their bills, and never mentioned at all the land on which the taxes were actually assessed. The object of the bill was to enforce a lien on realty, and could not be attained against the original defendants for want of the land, nor against the new defendant for want of a debt. The discretion of the chancellor in the matter of costs will not be revised by this court except in a clear case of abuse, and there is certainly no such abuse here.

Affirm the decree with costs.