Snapp *v.* Purcell,

———

C. A. SNAPP *v.* MATHEW V. PURCELL *et al.*

COSTS. *Chancellor's discretion as to.* The discretion of a chancellor as to taxation of costs is a legal discretion, and if not properly exercised may be reviewed and corrected by the Supreme Court.

———

FROM HANCOCK.

———

Appeal from the Chancery Court at Sneedville, H. C. SMITH, Ch.

F. M. FULKERSON for complainant.

McDERMOTT & KYLE for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill was filed to settle the estate of James L. Purcell, and in order to do this, have an account of advancements.

As said by the Referees, there is a large amount of irrelevant testimony taken, both by complainants and

respondents. The only questions presented in Referees' report by exceptions are, first, the correctness of allowing Mathew V. Purcell to hold about fifty acres of land under a parol gift, and adverse possession.

We have carefully looked through the mass of testimony on this question, and have no doubt of the correctness of the chancellor's decree and the report of the Referees. It would be a waste of time to collate this testimony. We simply state the result and affirm the chancellor's decree.

To the valuation of this land, as fixed by the chancellor ($425), both parties except; the complainant as not sufficient, and the defendant because too much. The testimony is conflicting, as is usual in such cases, but we think the chancellor has about reached the fair conclusion, and the report is approved on this question.

The Referees recommend a change in the taxation of the costs from that made by the chancellor. The exception to this is that the costs are in the discretion of the chancellor, by section 4493 of the Code, and this court has no authority to review it, unless there has been a palpable abuse of that discretion.

There is nothing in this exception—the discretion is a legal discretion, and if not properly exercised, when the whole case is brought before us by appeal to be tried *de novo*—this court has uniformly given such direction as to costs as it deemed proper.

The case of *The State and County of Davidson* v. *Lewis*, 10 Lea, 168, was whether appeal was taken solely for the purpose of reviewing the taxation of

costs and in such a case it was held we would not interfere with the action of the chancellor, except in case of clear abuse.

The report is approved and decree of chancellor affirmed, with the modification as to costs, as recommended.