### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1924.

W. J. Savage *et al. v.* E. W. Neal *et al.**

(*Knoxville.* September Term, 1924.)

1. **OFFICERS. Liable independently of bond for failure to perform duties.**

    An official is liable independently of his bond for failure to perform the duties of his office, but there must be a breach of duty whereby loss or damages have been sustained. (*Post, p. 73.*)

2. **BONDS. Statutes. Statutory penalty provision and penal provision in bonds strictly construed.**

    A statutory penalty provision and penal bond provisions must be strictly construed, and courts will not hold obligors to payment of stipulated sum unless intention is clear. (*Post, pp. 73, 74.*)

    Case cited and approved: Plyley v. Allison, 113 Tenn., 500.

    Code cited and construed: Sec. 6353 (S.).

3. **MUNICIPAL CORPORATIONS. Official bond held not to provide fixed penalties.**

    Where city commissioners failed to pay over to sinking fund amount sufficient to redeem outstanding bonds at maturity, thus rendering them liable on their official bonds as provided in charter "to extent of such failure," even though such provision of charter be read into

(70)

Savage v. Neal.

their official bonds, such bonds cannot be treated as penalty statutes with penalties automatically fixed by calculation of omitted sinking fund requirements.　(*Post, p.* 74.)

4. **MUNICIPAL CORPORATIONS. Recovery on official bond limited to loss proved.**

In action on official bond of city commissioners for their failure to pay over to sinking fund amount sufficient to redeem outstanding bonds of city at maturity, recovery may be had only for such loss or damage as can be proved.　(*Post, pp.* 74, 75.)

Case cited and approved: Memphis v. Brown, 87 U. S., 289.

5. **MUNICIPAL CORPORATIONS. Where liability on official bonds not fixed and cannot be determined, no decree for any amount can be given.**

Where city commissioners failed to pay over to sinking fund amount sufficient to redeem outstanding bonds at maturity, thus rendering them liable on their official bonds, as provided in charter, "to extent of such failure," since loss or damage cannot be computed by any known rule, a decree for no amount can be given.　(*Post, pp.* 75, 76.)

6. **APPEAL AND ERROR. Costs. Taxation of costs within discretion of chancellor; taxation of costs not disturbed unless abuse shown.**

The taxing of costs is within discretion of chancellor and will not be disturbed where no abuse of such discretion shown. (*Post, p.* 76.)

---

*Headnotes 1. Officers, 29 Cyc., p. 1441 (1926 Anno); 2. Bonds, 9 C. J., Section 51; Statutes, 36 Cyc., p. 1183; 3. Municipal Corporations, 28 Cyc., p. 478 (1926 Anno); 4. Municipal Corporations, 28 Cyc., p. 478 (1926 Anno); 5. Municipal Corporations, 28 Cyc., p. 473 (1926 Anno); 6. Appeal and Error, 4 C. J., Section 2828; Costs, 15 C. J., Section 22.

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— Hon. Chas. Hays Brown, Chancellor.

WEBB, BAKER & EGERTON and FOWLER & FOWLER, for Complainants.

GREEN, WEBB & TATE, SMITH, WORD & ANDERSON and HENRY HUDSON, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill was filed by taxpayers of the city of Knoxville to recover from defendants, former city commissioners and their sureties, on their official bonds, for failure to create and pay over to sinking fund commissioners annually tax funds in an amount sufficient to redeem outstanding bonds of the city at maturity, as they were required to do by charter provisions.

The language of the charter upon which liability is predicated is as follows:

"Be it further enacted, that any failure upon the part of the said board of commissioners to create, appropriate, and set apart the sinking fund annually, as hereinbefore provided, or pay it over to the sinking fund commissioners, shall render them personally liable upon their official bonds, as and for a dereliction of duty and breach of their said bonds to the extent of such failure."

It appears, if it is not conceded, that tax levies were annually made yielding approximately the sums required and that these funds, while not paid over to the sinking fund commissioners of the city, were directly applied to the retirement of maturing bond obligations of the city, so that there was no defalcation or actual misapplication of the public funds, in the sense of permanent diversion thereof from the city's use. The conduct complained of was a failure to observe strictly the charter requirements

for the maintenance of these sinking funds separately from general funds and the deposit thereof with a commission appointed to receive and disburse them.

It will be observed that a failure to observe these requirements "shall render them" (the defendants) "personally liable upon their official bonds, as and for a dereliction of duty and breach of their said bonds to the extent of such failure."

How shall this liability be measured? An official is liable independently of his bond for failure to perform the duties of his office. The foundation of the action rests upon a breach of duty, a wrongful act, or omission, whereby loss or damages have been sustained. Two things must concur—a wrong committed and damage suffered. Mr. Throop, in his work on Public Officers, recognizes the application of these principles to actions on official bonds. Section 293.

For complainants it is insisted, in effect, that the official bonds of the defendants shall (1) have read into them the sums shown by the proof to have been necessary to be paid annually into the sinking fund to retire bonds described at maturity, and (2) shall be treated as a fixed or stipulated statutory penalty. The obvious harshness of the result of such a construction of these bonds as is insisted upon, illustrated in the instant case, prevents the adoption of such construction, unless plainly required by the form of the bonds and language of the charter. A statutory penalty provision must be strictly construed. This is the rule generally with respect to penal bond provisions. The courts will not hold the obligors to the payment of the fixed and stipulated sum—as in the

nature of liquidated damages—unless the intention is clear.

Counsel cite *Plyley* v. *Allison,* 113 Tenn., 500, 82 S. W., 475. This was a suit to recover the fixed statutory penalty of $50, Shannon's Code, section 6353, for the collection by a clerk of unlawful fees, and the court properly held that this was a penalty prescribed by the legislature in a fixed sum, from which good faith and honesty of purpose would not relieve the defendant. It seems that penalties so prescribed are enforced in the amounts named because the amounts have been definitely prescribed. The amount of the damage suffered as a result of the wrongful act becomes immaterial—the punishment is fixed. This element of fixedness of amount is lacking in the instant case. The defendants are liable as for dereliction of duty "to the extent of such failure"—to be ascertained in each case, as it arises, and subject to variation according to circumstances. While the bonds sued on are in amounts fixed, it is not contended for complainants that these sums named in the bonds constitute the measure of the right of recovery, but that we must look outside of and beyond these bonds to the facts proven.

We are unable to agree that the bonds here sued on, reading into them, as insisted upon, the provisions of the charter act supra, are to be treated as penalty statutes, with the penalties automatically fixed by calculation of the omitted sinking fund requirements. The cases cited by counsel do not appear to us to be determinative.

Construing these bonds as official bonds generally are construed, what is the measure of liability and how shall

it be arrived at? The general rule hereinbefore stated with respect to actions against officials has application. Recovery may be had for such loss or damage only as can be proven. The alleged dereliction of duty was the failure to provide for and pay over the sinking fund. Can the resultant damages be determined by any satisfactory rule? What is the loss sustained by the city by' reason of this alleged breach?

The difficulty here presented is illustrated in *Memphis* v. *Brown,* 87 U. S. (20 Wall.), 289, 22 L. Ed., 264, wherein damages alleged to have been suffered by the holders of bonds of the city of Memphis by reason of the failure of the city to provide a sinking fund according to contract were sought to be recovered. The circuit court heard proof on this question and gave a decree for damages in a large sum, it appearing that the market value of the bonds had been greatly impaired by the failure to provide and maintain the sinking fund. The supreme court reversed the case as to this allowance, holding that the damages allowed "are not in their nature capable of legal computation, that there is no legal standard by which they can be fixed, that they are shadowy, uncertain and speculative." The court reviews the evidence adduced fully and concludes the discussion of this. branch of the case with this language:.

"The principles and ideas upon which the alleged damages are claimed cannot be reduced to a money standard. They do not form the subject of legal calculation in dollars and cents."

We are constrained to the conclusion that this language applies to the situation presented in the instant case. Conceding that the defendants have been guilty of

a dereliction of duty in failing to follow charter provisions respecting the sinking fund, we are of opinion: (1) That recovery upon the bonds must be measured by the loss or damage suffered by the city, limited as to the sureties, of course, by the amounts of the bonds; and (2) that this loss or damage is not susceptible of computation in accordance with any known or recognized rule, and a decree for no amount can, therefore, be given. It may be said that it was entirely within the power of the legislature to have fixed a sum certain as a penalty, and provided for recovery thereof in the event of a failure to observe this requirement; or, proper court proceedings are available to compel officials of the city to perform this duty, but for the reasons above set forth this court is not in position to give judgment on the bonds sued on.

The action of the chancellor in taxing costs of the cause to the defendants is assigned as error, but it not appearing that the discretion vested in the chancellor with respect to the taxation of costs has been abused, this court will not disturb his decree in this respect. It is altogether probable that he had in mind in so adjudging the costs that he would thus, in effect, allow nominal damages, in harmony with a rule quite commonly followed in cases where proof is not, or cannot be, made of actual damages.

The decree of the chancellor must be affirmed.