NATIONAL OPTICAL STORES CO., INC., *v.* BRYANT, COMMISSIONER, *et al.*

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

LEVINE & LEVINE, of Nashville, for complainant-appellant.

A. G. EWING and W. L. MOORE, both of Nashville, for defendant-appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a decree affirming an order of the Board of Review of the Unemployment Compensation Division of the Tennessee Department of Labor holding that Dr. C. H. Tenent was an employee of National Optical Stores Company, within the meaning of the Tennessee Unemployment Compensation Law.

Counsel for appellant concede that this Court is bound by the concurrent finding of the Board of Review and Chancellor, if supported by material evidence, but it is insisted that the facts found do not as a matter of law make out a case of employment under the statute.

Appellant is the Memphis branch of a chain store corporation which conducts the business of making lenses and fitting and selling eye glasses. As an incident of the conduct of this business, and apparently essential to its successful prosecution, the Optical Company provides a professional eye expert for the convenience and use of its customers to examine eyes and write prescriptions for glasses to be in turn supplied and sold by the Optical

Company. An office was provided on the store premises, entered thru the store only and without independent sign or marking. The claimant in this case, Dr. Charles H. Tenent, was engaged by the company to perform this work calling for professional skill, and it is the nature of this engagement and association extending over several years which is under consideration in this cause, specifically whether or not it constituted Dr. Tenent an employee of the company within the purview of the statute.

The office occupied by Dr. Tenent, located as above described, with its furnishings, was provided for him free of charge. His hours of work were fixed by the Optical Company and the regular charge of $1 for his examinations, collected by him from customers to whom he gave prescriptions to be filled only by the Optical Company, was also fixed by the company. His compensation was paid in this manner: He collected and retained the $1 fees paid by customers. If in any week these collections aggregated less than $50, the company was obligated to make up to him the difference, thus guaranteeing to him earnings of a minimum of $50 weekly. He neither sought nor accepted outside work, but confined his activities to those who were primarily the customers of the Optical Company, and he was subject to be discharged by the company at will. Indeed, it was as the result of such discharge that his unemployment arose on which he rests this claim.

Despite these facts found by the Board of Review, conceded to be sustained by material evidence, the insistence of appellant is that Dr. Tenent is not an employee within the purview of the Act, but is an independent contractor, as defined in our cases and held at common law. As we understand the argument made for appellant it

comes down to this: That because Dr. Tenent was a professional man, employing his professional skill, he was not and could not be subject to the direction and control of the Optical Company in the manner of performance of his work, and he is, therefore, to be classified as an independent contractor and not a servant or an employee. On the brief of counsel this question is thus phrased:

"(a) Can a professional man, such as Dr. Tenent, who was a duly qualified, licensed, registered practicing physician, in the practicing of his profession, in which he exercised his professional judgment, not dictated to or controlled in the exercise thereof nor in the methods or means used by him in exercising same, nor controlled nor attempted to be controlled in the determination of professional conclusions reached by him in the exercise of his professional training and judgment by his employer, be anything but an independent contractor in the practicing of his profession?"

We consider first the controlling provisions of the unemployment statute:

The definition of employment found in the Act, Williams' Code, section 6901.19(g), is as follows:

"(1) Subject to the other provisions of this subsection, 'employment' means service, including service in interstate commerce performed for wages or under any contract of hire, written or oral, express or implied."

And then the Act continues:

"(6) Services performed by an individual for wages shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commissioner that:

"(A) Such individual has been and will continue to be free from control or direction over the performance of

such services, both under his contract of service and in fact; and

"(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"(C) Such individual is customarily engaged in an independently established trade, occupation, profession or business."

 It cannot be seriously questioned that Dr. Tenent comes within this broad definition of employment, unless excepted in application of one of subsections (A) (B) or (C), Clearly, neither (B) nor (C) applies to him. His service (B) was not "outside the usual course of the business for which such service is performed." The proof is that just such a service is usually necessary and performed in the course of the conduct of the business of these Optical Company stores. It is a usual incident of that business. And this service rendered by Dr. Tenent is performed, not outside of, but in the place of business of the Optical Company. Nor (C) was this "individual," Dr. Tenent, "customarily engaged in an independently established trade, occupation, profession or business." Just the contrary is shown to be true.

But appellant appears to rely (A) on the theory that he performed his services "free from control or direction over the performance of such services," in that, as above mentioned, he was left to the uncontrolled exercise of his professional skill.

 He was not free from control and direction, but subject thereto in such important details as his particular exclusive place of work, his time of work, the charges

made and collected therefor, the form of his reports or prescriptions, and the representative of the company to whom they were made. He was, as shown, supervised and directed as to the measure or degree of the time and attention devoted to his examinations, complaint being made of his failure to devote more time thereto. It may be conceded, as contended, that some details of his exercise of his strictly professional skill and capacity were necessarily left to him, but we are not persuaded that this alone was sufficient to change his classification from that of employee to that of independent contractor. Every skilled worker is left to the exercise of his trained skill in the performance of duties assigned to him, with respect to some details of their performance. This is true of all artisan employees. It is common knowledge that large firms of architects employ for regular fixed wages, assistants to whom are assigned duties calling for professional skill. This is true of law firms and other occupations which employ assistants, who clearly are employees or "servants," as distinguished from independent contractors. But when subject to control in such dominant details of employment as here shown, such as place and time of work and supervision and direction in many particulars, we have no holding classifying them as independent contractors.

Reference is made to the leading case of *Powell* v. *Virginia Construction Co.*, 88 Tenn., 692, 697, 13 S. W., 691, 692, 17 Am. St. Rep., 925, where this often quoted definition of independent contractor is given: "One who, *exercising an independent employment*, contracts to do a piece of work according to his own methods, and without being subject to control of his employer, except as to the result of his work." We italicize controlling language.

Certainly Dr. Tenent cannot be said to have been "exercising an independent employment." He was at all times directly "subject to control of his employer" in many important respects other than "as to the result of his work."

We have re-examined our cases cited for appellant, *Texas Co.* v. *Bryant*, 178 Tenn., 1, 152 S. W. (2d) 627; *Powell* v. *Virginia Construction Co.*, *supra*; *Odom* v. *Sanford & Treadway*, 156 Tenn., 202, 299 S. W., 1045, and *Phillips* v. *Tennessee Eastman Corp.*, 160 Tenn., 538, 26 S. W. (2d), 1051, and find no support therein for the contention made by appellant herein. Our recent case of *Guaranty Mortgage Co.* v. *Bryant et al.*, 179 Tenn., 579, 168 S. W. (2d), 182, 184, is without application. The real estate salesmen, on the facts of that case, were held not to have performed services for the company for "wages or under a contract of hire," within the general definition, subsection (1) which we have quoted above from Code, Section 6901.19(g). This cannot, as before stated, be said of Dr. Tenent. The reliance of the Optical Company must be on the exceptions found in (A) (B) and (C), which we have considered and found inapplicable to the facts of this case.

The opinion in *Finley* v. *Keisling*, 151 Tenn., 464, 270 S. W., 629, 632 which is cited and attempted to be distinguished by counsel for appellant, quotes approvingly from *Louisville & N. R. Co.* v. *Cheatham*, 118 Tenn., 160, 173, 100 S. W., 902, the definition of an independent contractor given in that case, the language being practically identical with that we have quoted above from the leading *Powell Case.* Here, again, an essential is that the independent contractor shall be one who is "*exercising an independent employment*" and, in this capacity, "con-

tracts to do a piece of work according to his own methods, and *without being subject to the control of his employer, except as to the result.*'' (Italics inserted.) As before indicated, this is not Dr. Tenent's case. The concurrent finding, supported by material evidence, is that he was not exercising an employment which can be said to have been independent. Nor was he free from the control of his employer in any substantial degree. He was working as an integral and apparently essential unit or cog of the business and subject to control in numerous and vital respects.

We find no error, and the decree is affirmed.

GREEN, C. J., and PREWITT, NEIL, and GAILOR, JJ., concur.