Ezell *v.* Hake.

*(Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

Rehearing denied February 1, 1947.

G. E. WHITE of Lewisburg, for appellant.

HAMMOND FOWLER, of Rockwood, and W. L. MOORE, of Nashville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is from dismissal, in the Chancery Court of Marshall County, of a petition for compensation benefits under the Unemployment Compensation Law, Chap. 1, Public Acts of Extra Session of 1936, as amended, now Williams' Code, secs. 6901.1 through 6901.24. The appellant Ezell is herein referred to as petitioner, and appellee Hake as commissioner.

In July 1945, on account of the closing of the Marshall Stove Company, a war industrial plant, at Lewisburg, petitioner was laid off from his employment as an electrical truck operator, and about a week later filed claim for unemployment compensation benefits under the Unemployment Compensation Law. The claim was rejected

by the chief deputy, appealed to the Appeal Tribunal of the Unemployment Compensation Division where, after a hearing, the action of the deputy was affirmed. Petitioner then appealed to the Board of Review, and that Tribunal in a decision rendered on May 14, 1946, found as a fact, that the claimant had not at any time been in the labor market since he was "separated from employment," and that he had consequently been "unavailable for work" within the meaning of the Tennessee Unemployment Compensation Law. The Board of Review for this reason, sustained the Appeal Tribunal in affirming the decision of the chief deputy on the original claim. In the Chancery Court of Marshall County, petitioner than filed petition for *certiorari* under the provisions of the Act, Code, sec. 6901.6. Answer to this petition for *certiorari* was not filed by the respondent commissioner within the statutory time, and *pro confesso* was taken before the clerk and master. Some days thereafter motion was made before the chancellor to set aside this *pro confesso* and permit the filing of a sworn answer by the respondent. The necessary allegations to support the motion (Code, sec. 10456) were made and the chancellor entered an order setting aside the *pro confesso* and permitting the filing of the answer which exhibited a certified transcript of the proceedings had before the Board of Review. After a hearing, the learned chancellor filed a written opinion which shows a careful consideration of all the facts and law presented, and thereafter entered his final decree by which he approved the action of the Board of Review and dismissed the petition. With the record thus made, the case is before us on appeal.

■ The first assignment of error is that the chancellor erred in setting aside the *pro confesso* and permitting the filing of a sworn answer and a certified transcript of the

proceedings before the Board of Review. Clearly on this record, the action of the chancellor in setting aside the *pro confesso* was not only an abuse of discretion, which fact is essential to justify review (Code, secs. 10457, 10456; Gibson's Suits in Chancery, sec. 208; *Buchanan* v. *McManus*, 22 Tenn. 449), but as we see it, the action was a necessary one to arrive at petitioner's rights, since the transcript of the Board of Review contained all the relevant and pertinent evidence, both for and against the petition. The first assignment is overruled.

The next assignment is that the chancellor erred in permitting the filing of the transcript of the proceedings had before the Board of Review, because they were not properly certified. The documents in the transcript are in their original form, signed by the deponents before the Board of Review, including those documents signed and presented by the petitioner himself. The entire transcript is signed by one of the members of the Board, and certified by him to be all the proceedings and correctly to present the matters heard by the Board of Review. The transcript is further authenticated by the incorporation by reference of the transcript in the sworn answer of the commissioner. It is not suggested by petitioner that the transcript was incomplete, nor that he was prejudiced by the filing of the transcript as it was filed, except that it was so filed after the *pro confesso* was taken. As we said of the first assignment, the chancellor's consideration of the transcript of the proceedings before the Board of Review was as necessary for petitioner as it was for respondent. For these reasons we find no merit in this assignment and it is overruled.

The other assignments seek a review in this Court of questions of fact upon which there has been a concurrence below. It is insisted that the chancellor erred in

finding as a fact, that petitioner was not (1) in "the labor market" and (2) not "available" for "suitable employment" when his claim was rejected. The learned chancellor correctly held that the limit of his function on these questions was to determine whether there was any evidence before the Board of Review to justify its determination of them. He found that there was, and affirmed the Board. The pertinent provision of the Unemployment Compensation Law is: "In any judicial proceeding under this section, the findings of the board of review as to the facts, if there be any evidence to support the same, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Williams' Code, sec. 6901.6 (i).

In this Court, since the concurrence of the chancellor with the Board of Review, we think these questions of fact have been conclusively determined against petitioner's contention. *National Optical Stores, Inc.,* v. *Bryant,* 181 Tenn. 266, 181 S. W. (2d) 139; *Dale* v. *Hartman,* 157 Tenn. 60, 6 S. W. (2d) 319; Code sec. 10620.

The commissioner suggests that the phrases "available for work" and "suitable work" have not previously been defined by this court. We think the question of the definition of the two phrases is presented here only to the extent that we should say that both were correctly applied to the facts of this case by the Board of Review and the chancellor. We think in determining when a claimant is "available for work" and what is "suitable work," that each case must largely rest upon its own facts. Code, sec. 6901.5 (c) (1), Williams' Code. *Haynes* v. *Unemployment Compensation Commission,* 353 Mo. 540, 183 S. W. (2d) 77.

All assignments of error are overruled and the decree is affirmed.

### On Petition to Rehear.

█ Petition to rehear has been filed in which it is complained that the Court erred in not reversing the action of the Chancellor in setting aside *pro confesso* and permitting Defendant Commissioner to file answer without requiring him to pay costs at that time accrued in the sum of $7. It is apparently the sense of the argument, though not positively stated, that such requirement is mandatory under Code sec. 10456. Petitioner cites no authority for this contention and we have found none in our reports. The strongest expression favorable to petitioner is to be found in *Tharpe v. Dunlap,* 51 Tenn. 674, at page 681, where the Court said before setting aside *pro confesso,* the Chancellor should have taxed the accrued costs against a Defendant who had been negligent in not filing answer. In that case, however, the reversal was not on that action of the Chancellor and the holding only that on the record there presented, the Chancellor had abused his discretion. Code sec. 10456, on which petitioner relies, being in *pari materia,* is to be construed with sec. 10603, which provides that in Chancery: "Upon the final decree, the costs shall be paid by the party against whom the court shall adjudge them, according to its discretion."

█ The Chancellor's allocation of costs is subject to our review, only for "clear" (*State v. Lewis,* 78 Tenn. 168), "palpable" (*Snapp v. Purcell,* 81 Tenn. 693) abuse of such discretion. Petitioner presents no facts in this record to evidence an abuse of the Chancellor's discretion. *Savage v. Neal,* 151 Tenn. 70, 76, 268 S. W. 375.

Other matters in petition to rehear consist of reargument of contentions fully considered in our former opin-

ion and are insufficient to support a rehearing. Rule 32, 173 Tenn. 887.

■ To dispose of petitioner's objection to the statement by this Court that filing of the transcript of proceedings before the Board of Review was necessary for the equitable disposition of questions presented to the Chancellor, it is sufficient to point out that the consideration of the transcript by the Chancellor was an express prayer of petition himself in petition for *certiorari*. Since the transcript was in the custody of the Commissioner or his agent, the prayer of petition could only be granted by permitting the Commissioner to authenticate and file the transcript.

Petition denied.