SIMM *v.* DOUGHERTY *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

Rehearing denied May 3, 1948.

C. Vernon Hines, of Nashville, for appellant.

B. B. Gullett, of Nashville, for appellees.

Mr. Justice Gailor delivered the opinion of the Court.

Under the provisions of sections 7098 through 7112 of the Code of Tennessee, complainant filed two applications with the State Board of Architectural and Engineering Examiners, seeking a license as an engineer. On account of false statements made about his school atten-

dance in the first application, the license was both times refused, and thereafter complainant filed his original bill in the Chancery Court, in which he sought by *certiorari* to have a review of the action of the Board. The writ was granted, and in response to the bill, the defendants filed their answer and with it, exhibited a certified copy of the proceedings of the Board refusing application of the complainant for a license.

There was no offer by the complainant of any additional evidence in the Chancery Court, and the Chancellor heard the case on the pleadings as they were thus made up and on the record which had been made before the Board. Since the bill was not specific in stating whether the complainant sought the common law writ or the statutory writ of *certiorari*, and since an allegation of the bill on which the writ was issued was that the action of the Board ". . . on both of his applications and particularly the last one is *arbitrary*, capricious, and is done in complete disregard of the rights and qualifications of your complainant . . . ;" the Chancellor reasonably regarded the scope of his review as limited to that on the common law writ of *certiorari*, and after reviewing many Tennessee authorities, decided only:

"This Court is unable to say that the defendant Board acted arbitrarily or illegally in denying complainant's application for license, and is of the opinion that there was material evidence to justify the action by the Board."

This first opinion was handed down on June 24, and on the next day when the Chancellor was advised that the complainant was proceeding under Code, section 9008 *et seq.*, and seeking a writ of *certiorari* in accord-

ance with those Code provisions, he handed down a supplemental opinion:

"It will be noted in the original opinion, that this Court reached the conclusion that there was material evidence to justify the action of the Board in refusing to grant the complainant his license to practice engineering in this State.

"It is inconceivable that one could be mistaken about the number of years he attended a particular college, especially where the discrepancy in the number of years is as great as in the case at bar.

"It is argued that this was on an immaterial fact, because the educational requirements set forth in the application were not necessary to entitle the applicant to his license.

"The application was sworn to, and false swearing certainly reflects on the integrity of the affiant. This Court is of the opinion that the Board was justified in refusing to grant complainant a license."

In accordance with this last opinion a decree was entered denying complainant the relief sought and dismissing the bill. From this decree he has perfected the present appeal.

By this appeal complainant seeks to have this Court reweigh the evidence contained in the record made before the Board and considered again by the Chancellor, and to determine that the evidence was insufficient to support the action of the Board in denying complainant's application for a license. On this record we have no right to reweigh the evidence. The Board of Examiners and the Chancellor have concurred in holding as a fact, that on account of complainant's false swearing in his application to the Board, complain-

ant is not a person of ''good character and repute'', Code, section 7106, and therefore, not entitled to have his application favorably considered and the license issued. In such case, we will only examine the record to see that there was material evidence to support the concurrence. *Ezell* v. *Hake*, 184 Tenn. 319, 198 S. W. (2d) 809, 811; *National Optical Stores Co., Inc.* v. *Bryant*, 181 Tenn. 266, 181 S. W. (2d) 139.

By the complainant's own admission, there was such material evidence. In his application to the Board he swore falsely that he had been a pupil in an engineering school in New York for four years, when in fact, he had been such student for only one year, and not only did he make this false representation to the Board, but he made it also to the Federal Government. We think this evidence was sufficient to support the action of the Board and the affirmance of that action by the Chancellor.

It is argued that the Chancellor did not give complainant a hearing *de novo*. On the contrary, we think it clear from the opinion on June 25, that he did. In view of the failure of complainant's original bill to specify the nature of the writ and the scope of the review he sought, the Chancellor would have been warranted in confining his review to that prescribed for the common law writ of *certiorari*, but the Chancellor went further and considered the only factual issue made, which was the effect of the false affidavit. This was then, and still is, the determinative factor in the case. The complainant had tendered no additional evidence at the hearing in the Chancery Court and there was, therefore, nothing for the Chancellor's decision except

the determination of whether on the admitted evidence, the action of the Board was justified.

Apparently the complainant contends that by its action the Board has permanently refused to pass favorably upon his application. This is a conclusion of the complainant which does not definitely appear in the record. The Chancellor makes no mention of this in his opinions. Though we are not in a position to make any recommendations, in view of the facts and punishment imposed in *Prosterman* v. *Tennessee State Board of Dental Examiners*, 168 Tenn. 16, 73 S. W. (2d) 687, it may be that the Board on application will specify a definite period during which the complainant may not apply for a license.

For the reasons stated we think the decree of the Chancellor must be affirmed.

All concur.

### On Petition to Rehear.

Petition to rehear is filed in this cause in which the following argument appears:

"Therefore, if this Court holds that the Chancellor did, in his second opinion, base his opinion upon the statutory writ which required a trial *de novo*, *then this court must try the case de novo* and pass upon the Assignments of Error which your complainant has filed with this court.

"In the instant case, the complainant saw no necessity for introducing any new evidence at the hearing *because he felt* the entire record as presented to the Chancellor on the hearing, established the preponderance of the evidence which would entitle him to the license as prayed for." (Our Italics.)

■ Such is the gist of the petition and its objection to our former opinion.

(1) This Court, being exclusively an appellate tribunal, Code sec. 10631; *Memphis Street Railway Co. v. Byrne,* 119 Tenn. 278, 320, 104 S. W. 460, has no jurisdiction to try "cases *de novo.*" *Foster* v. *State,* 180 Tenn. 164, 172, 172 S. W. (2d) 1003; In *re Bowers,* 138 Tenn. 662, 668, 669, 200 S. W. 821.

(2) The fact that the Chancellor found the preponderance of the evidence against petitioner, when petitioner "felt" that the preponderance was in his favor, is no ground for insisting that this Court reweigh the evidence. In view of the concurrent finding by the Board and the Chancellor, the limit of our legitimate review was to find material evidence to support the concurrence. *Ezell* v. *Hake,* 184 Tenn. 319, 198 S. W. (2d) 809; *National Optical Stores Co., Inc.* v. *Bryant,* 181 Tenn. 266, 181 S. W. (2d) 139.

Though the case of *Anderson* v. *Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059, 1061, was an appeal in a tax case, the decision was made to construe and limit the general application of Code secs. 9008 through 9018, which sections first became the law by their inclusion in the Code of 1932. Since its delivery, the Anderson opinion by SWIGGART, J., has been followed and cited in practically all the cases brought here under Code secs. 9008 through 9018. The following general rule, which applies alike to all administrative boards and commissions, finally disposes of the petition here and fully supports the limits of the Chancellor's opinion and our review of it:

"There is, however, no support for the contention that this language of the statutes has the effect of over-

throwing the established practice by subjecting the merits of every action of statutory commissions and boards to judicial review, substituting the discretion of the Circuit or Chancery Courts for that of administrative bodies. To so construe the statute would be to broadly extend the judicial power into a field heretofore considered the proper domain of the executive or administrative powers of the State government. *Insurance Co.* v. *Craig,* 106 Tenn. 621, 639-642, 62 S. W. 155. Such an extension of judicial power is one which the courts have been and are properly loath to assume, and may not be accomplished by judicial construction of even a doubtful statute.'' *Anderson* v. *Memphis,* 167 Tenn. 648, 653, 72 S. W. (2d) 1059, 1061.

■ Of the scope and purpose of the opinion in the *Anderson Case,* GREEN, J., said in the course of his opinion in *McKee* v. *Board of Elections,* 173 Tenn. 269, 274, 117 S. W. (2d) 752, 754:

''Section 9008 of the Code neither enlarges nor diminishes the scope of review by *certiorari.* It only prescribes procedure. *Anderson* v. *Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059; *Prosterman* v. *Tennessee State Board of Dental Examiners,* 168 Tenn. 16, 73 S. W. (2d) 687.''

Under these authorities the scope of our legitimate review of the facts was as we stated it in our former opinion. The petition to rehear is denied.

All concur.