JOE C. GAMBLE *v.* RACHEL M. WATERS *et al.*

(*Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

Rehearing denied December 16, 1954.

FRANK B. BIRD, of Maryville, for appellants.

GODDARD & GAMBLE, of Maryville, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Mrs. Waters was allowed what the decree terms a "discretionary" appeal from the decree of the Court refusing to set aside an order pro confesso which had been entered against her on a bill of interpleader to which she had been made a party defendant by complainant, appellee, Joe C. Gamble. It may be that this appeal was allowed by the Chancellor on the theory that the legal effect of the pro confesso decree which he had refused to set aside was to prevent Mrs. Waters from questioning the legal accuracy of any holding he might thereafter make as to whether the allegations of the bill were sufficient to sustain it as a bill of interpleader; hence, that the appeal was allowed from a final decree.

It is elementary, however, that the action of the Chancellor in overruling a motion to set aside an order pro confesso will not be disturbed unless it affirmatively appears that there was an abuse of discretion in over-

ruling the motion. *Buchanan* v. *McManus*, 22 Tenn. 449; *Ezell* v. *Hake*, 184 Tenn. 319, 198 S. W. (2d) 809. This record does not disclose such an abuse. Hence, that assignment of error will have to be overruled.

It fairly well appears from the record that Mrs. Waters' real insistence was, and is, that the allegations of the bill are not sufficient, as a matter of law, to permit the sustaining of that bill as one of interpleader. Since an order pro confesso does not have the effect of admitting matters of law or legal conclusions, *Cowan, McClung & Co.* v. *Wells*, 73 Tenn. 682, it follows that Mrs. Waters would not have been prejudiced by the refusal to set aside the order pro confesso had she excepted to and appealed from, the decree of the Chancellor entered separately, and on the same day, sustaining the bill as one of interpleader, as she had the right to do. *Barrow* v. *Barrow*, 4 Tenn. Civ. App. 338, 343.

But she did not except to, nor pray an appeal from, that decree. We know of no way, therefore, to consider her final insistence that the Chancellor erred in entering this decree "sustaining the original bill as a bill of interpleader". Our inability to consider this question, however, is a source of less regret because of the fact that in the further proceedings under the decree directing the defendants to set up their various claims Mrs. Waters has the legal right to assert any claim she may have to this fund and offer evidence thereof. *John Weis, Inc.,* v. *Reed*, 22 Tenn. App. 90, 97, 118 S. W. (2d) 677.

Affirmed with costs adjudged against Mrs. Waters, and remanded.