Terry Dewayne MOORE and wife, Karen Owens Moore, Plaintiffs-Appellees,

v.

William Houston PALMER, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 15, 1984.

Application for Permission to Appeal Denied by Supreme Court Aug. 20, 1984.

Clinton H. Swafford, Joe S. Bean, Winchester, for plaintiffs-appellees.

William Kennerly Burger, Murfreesboro, for defendant-appellant.

## OPINION

LEWIS, Judge.

Appellant William Houston Palmer and appellee Karen Owens Moore were divorced on December 15, 1980. Custody of the parties' minor child, William Tyler Palmer, was awarded to Karen Moore. On July 25, 1981, appellees were married. On December 7, 1981, appellees filed their petition to adopt William Tyler Palmer. A copy of the petition was served on the appellant on January 8, 1982.

Appellant did not answer, and an order for default judgment was entered on February 15, 1982. On March 8, 1982, a "FINAL DECREE OF ADOPTION" was entered. On March 19, 1982, appellant filed an answer. After his answer was filed, he learned of the default and, on March 24, 1982, filed a "Motion to Set Aside Judgment by Default." After a full evidentiary hearing, the Court overruled appellant's motion.

In this Court, appellant states the issue as

> whether the trial court erred in failing to set aside the judgment by default, where the proof demonstrated unequivocally that the original Petitioner mis-stated under oath in the petition that she had received no support from the Appellant, and where she was engaged in active discussions with him regarding the sale of their real estate, during the period of time that she was undertaking to finalize the adoption proceedings.

Rule 55.02 of Tennessee Rules of Civil Procedure provides: "For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Rule 60.02, Tennessee Rules of Civil Procedure, provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judg-

ment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect, (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (5) any other reason justifying relief from the operation of the judgment.

■ Appellant did not show any of the factors set out in Rule 60.02 for which the judgment should be set aside in either the Trial Court or in this Court.

The record is clear that appellant was served with the petition for adoption. He knew it was necessary to answer within thirty days. At the time he was served with the petition, he was represented by two attorneys in other matters. He did not attempt to talk with either of them regarding the adoption petition. He knew the petition alleged that he had abandoned his child. He also knew that the petition alleged that he had "paid nothing toward the support of the child." He and his former wife were actively engaged in negotiations regarding the sale of the home they had purchased during their marriage. At no time did he attempt to discuss the adoption petition with his former wife. The only discussion appellant had with appellee Karen Moore concerning the adoption was regarding her request that he consent to the adoption. He testified at the hearing on his motion that, while he did not mean it, he told Karen Moore that he would sign a consent to adopt if she would agree to sell the home.

The record shows that appellant had ample opportunity to file an answer and contest the adoption if he had so desired. Appellant was negligent and his negligence is not excusable.

■ We are further of the opinion that there is no fraud involved, either intrinsic or extrinsic. It is true that the petition states that the appellant "has paid nothing toward the support of the child," when, in fact, he had made child support payments prior to the filing of the adoption petition. However, this divorce was granted and custody of the child awarded to Karen Moore on December ·15, 1980. Appellant was ordered to pay $200 per month support for the child. The adoption petition was filed December 7, 1981. At the time the petition was filed appellant had paid a grand total of $830. On April 5th, after the final decree of adoption was entered on March 8, 1982, appellant made a $1000 payment on the past-due support. This $1000 payment was made after the court had made the payment of child support a condition of his probation in a criminal case.

> Where the application is made to set aside a judgment by default and permit the defendant to file pleas, and the application presents a question of fact as to the diligence or lack of diligence of the applicant, or as to his having been taken by surprise, or having been mistaken in a matter of fact, the application will appeal to the discretion of the court and the appellate court will not disturb the exercise of that discretion, unless a clear abuse thereof is shown.

*Boyd v. Merchants Delivery Co.*, 7 Tenn. App. 416, 429 (1928). It is within the chancellor's discretion to determine whether a default judgment will be set aside and this Court will not reverse the chancellor's decision unless there has been an abuse of discretion. *Gamble v. Waters*, 197 Tenn. 470, 274 S.W.2d 3 (1954).

In this case the Chancellor conducted a full evidentiary hearing of appellant's application to set aside the default judgment. The Chancellor exercised his discretion after hearing the evidence and observing the witnesses and determined that the motion was without merit. Our review of this record reveals that the Chancellor did not err in exercising his discretion to deny the motion.

The judgment of the Chancellor is affirmed with costs taxed to appellant and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.