**Betty Sue TURNER, Plaintiff–Appellee,**

v.

**Richard Zane TURNER, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 12, 1986.

Permission to Appeal Denied by Supreme Court April 6, 1987.

Robert H. Crawford, Jr., with Crawford, Hays & Crawford, Chattanooga, for defendant-appellant.

William L. Brown and Gene R. Griffin, with Brown, Brown & Griffin, Chattanooga, for plaintiff-appellee.

OPINION

SANDERS, Judge.

The Defendant has appealed from a decree overruling his motion to set aside a default judgment and a final judgment in the Plaintiff's divorce action.

In November, 1984, the Plaintiff–Appellee, Betty Sue Turner, filed suit against the Defendant–Appellant, Richard Zane Turner, for a divorce on grounds of cruel and inhuman treatment. She also asked for a division of marital property and attorney's fees. The Defendant accepted service of process in the case but never filed an answer.

On February 13, 1985, a default judgment was entered against the Defendant and the case was set for hearing on February 26, 1985. On March 12, 1985, the matter was heard by the chancellor and on that

same day a decree was entered awarding the Plaintiff a divorce and making a division of the marital property. That decree became final thirty days later.

On January 7, 1986, the Defendant filed a motion pursuant to Rules 55 and 60, T.R.C.P., to set aside the default judgment. For the purpose of this appeal we treat the motion as also asking that the final judgment be set aside.

In support of his motion the Defendant filed an affidavit stating that (1) He was not represented by counsel; (2) He was working out of state at the time and his wife was to notify him when the case was to be heard so he could be present at the hearing, but she failed to do so; (3) On April 5 his wife gave him a copy of the default judgment but the divorce case had already been heard at that time; and (4) He did not feel he had been dealt with fairly and his wife had taken a considerable amount of their marital property that would have been awarded to him had he been present at the trial.

The Plaintiff filed an answer in opposition to the motion and in response to the affidavit. In her answer the Plaintiff alleged the Defendant was conversant with what was going on at all times. She alleged the Defendant was given a copy of the default judgment in February. In April she gave him a copy of the bill of cost for the divorce case, which he paid. After the divorce decree was entered she gave him title to property awarded to him and he gave her title to property awarded to her, including a deed to real estate.

Upon the hearing of the motion the chancellor overruled it. The Defendant has appealed, saying the chancellor was in error in overruling the motion.

We cannot agree, and affirm. There is no transcript of the proceedings before the chancellor on the hearing of the motion. The Appellant, however, offered "Appellant's Statement of Evidence" prepared by Appellant's counsel. Appellee filed objections to the statement of evidence. In response to Appellee's objections the chancellor entered the following "Order Correcting the Record": In this cause the Appellant has filed a Statement of Evidence and the Appellee has filed Objection thereto. Upon review of the notes of the Court, it appears that the proceedings on the Motion To Set Aside Decree By Default may be correctly stated as follows:

"Appellant's evidence was disputed by the evidence of Appellee which supported the statements in Appellee's Answer to Motion To Set Aside Decree By Default and further by the technical record which establishes that Appellant was furnished by the Clerk of the Court with both copies of the Default Judgment on February 13, 1985 and the Final Decree on March 12, 1985, and he failed to take any action to set aside said Orders until January 7, 1986. Appellant offered no evidence as to the reason for such delay in action."

From the order quoted above it appears the trial court heard evidence in support of the Appellee's allegations in her answer but that evidence is not included in the record before us. Where the trial court hears evidence but that evidence is not included in the record on appeal, it is conclusively presumed the evidence supports the ruling of the trial court. *Wilson v. Hafley*, 189 Tenn. 598, 226 S.W.2d 308 (1949); *Kyritsis v. Vieron*, 53 Tenn.App. 336, 382 S.W.2d 553 (1964).

In the case of *Moore v. Palmer*, 675 S.W.2d 192, 194 (Tenn.App.1984) this court, in addressing the action of the trial court in ruling upon a motion to set aside a default judgment, stated the long-standing rule in this jurisdiction as follows, "It is within the chancellor's discretion to determine whether a default judgment will be set aside and this Court will not reverse the chancellor's decision unless there has been an abuse of discretion. *Gamble v. Waters*, 197 Tenn. 470, 274 S.W.2d 3 (1954)."

Also our Supreme Court, in addressing the issue before us, said in *Patterson v. Rockwell International*, 665 S.W.2d 96, 100 (Tenn.1984), " 'As a general rule, a default or a default judgment will not be set aside at the insistence of the defendant unless he makes a showing of a meritorious defense.' "

The Appellant in his motion and his affidavit fails to state he had a meritorious defense to the Appellee's suit for divorce. He only says, "My wife has taken a considerable amount of our property which I feel the court would have awarded to me if I could have been present at the hearing."

The issues are found in favor of the Appellee. The decree of the chancellor is affirmed and the cost of this appeal is taxed to the Appellant.

PARROTT, P.J., and GODDARD, J., concur.