**Harold E. STEELE,
Petitioner/Appellant,**

v.

**The METROPOLITAN BOARD OF ZONING APPEALS, Metropolitan Development and Housing Agency, and Vanderbilt University, Respondents/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 29, 1992.

Rehearing Denied June 24, 1992.

Permission to Appeal Denied by
Supreme Court Oct. 19, 1992.

Joseph H. Johnston, Nashville, for petitioner/appellant.

Patricia Cottrell, Steven Nunn, Metropolitan Legal Dept., Nashville, for respondent/appellee MBZA.

George E. Barrett, Phillip A. Purcell, Nashville, for respondent/appellee MDHA.

Wilson Sims, Nashville, Barbara Bennett, Office of Gen. Counsel, Nashville, for respondent/appellee Vanderbilt University.

## OPINION

CANTRELL, Judge.

A landowner living in the vicinity of the Vanderbilt Urban Renewal Project opposed the construction of a parking lot on property within the project's borders. The determinative question is whether the recorded Urban Renewal Plan prohibits the construction of the parking lot. The chancellor held that it did not. We affirm.

### I.

In 1967, the Council of the Metropolitan Government of Nashville and Davidson County approved an Urban Renewal Plan for land in the vicinity of Vanderbilt University. The plan provided how the University could ultimately use that property within the project area. In 1972, the Metropolitan Development and Housing Agency ("MDHA"), the local governmental agency charged with the responsibility of reviewing proposed activities within the project area, recorded the restrictive covenants contained in the plan.

In 1991, Vanderbilt notified MDHA that it intended to construct a parking lot on part of the land acquired through the Urban Renewal Project. At the same time, the University sought a conditional use permit from the Metropolitan Board of Zoning Appeals.

The petitioner, a resident of the area near the proposed parking lot, opposed the University's applications in both cases. On June 13, 1991, his counsel appeared at a public hearing before the Board of Zoning Appeals and presented evidence relative to the permitted uses of the property. On June 14, 1991, counsel for the petitioner wrote the chairperson of the MDHA, requesting a hearing on whether the parking lot conformed to the applicable restrictive covenants. The petitioner's argument was that under the University's "campus development plan," adopted in 1973 and approved by an ordinance of the Metropolitan Council, the restrictive covenants applicable to the area had been amended to exclude a parking lot from the uses permitted for the area in question. The MDHA refused to grant the petitioner a hearing. Both agencies ultimately approved the construction.

On July 12, 1991, the petitioner filed a petition for a writ of certiorari in the Chancery Court of Davidson County seeking a review of the decision by both agencies. The chancellor held that the MDHA was not a proper party to the action, and that the Board of Zoning Appeals had acted properly in granting the conditional use permit.

### II.

Section C(2)(c)(11) of the restrictive covenants adopted in 1967 and recorded in 1972 provides:

Parking for Vanderbilt University and St. Thomas Hospital, including their related facilities, shall be provided in accordance with the *total campus development plans* and the standards of the Metropolitan Government. (emphasis added).

The area where the parking lot is located is shown on the original land use map of the Urban Renewal Project as "institutional use" which the petitioner concedes allows the area to be used as a parking lot. However, in 1973 the University adopted a plan for development titled "The Second Hundred Years" and subtitled "A Platform for Development." The uses shown on the 1973 campus plan for the area involved in this litigation do not include a parking lot. The University requested approval from the MDHA "of those proposals ... that bear upon the University Center Urban Renewal Project Area 1." The Metropolitan Council, on the recommendation of the MDHA, adopted Ordinance No. 73–857, which did two things: It approved Amendment No. 7 to the Urban Renewal Plan and also approved the Vanderbilt University campus plan subject to the government's right to consider, at the appropriate time, the closure of any streets or alleys.

It is the petitioner's insistence that the 1973 campus plan, as adopted by the Metropolitan ordinance—being the only total campus plan in effect for the university—effectively amended the restrictions on the use of the property.

## III.

We disagree with the petitioner. The only legal restrictions on the use of the land in question are those found in the recorded restrictive covenants. The Urban Renewal Plan—specifically the land use map to which the restrictive covenants refer—was not amended by Ordinance No. 73–857 and the campus plan adopted by the University in 1973 was not incorporated in the restrictive covenants. In our opinion the language in Section C(2)(c)(11) of the restrictive covenants referring to "the total campus development plans", which was first proposed in 1967, does not refer to a plan adopted by the University six years later. The section of the covenants in which that language appears does not address land use. It addresses parking requirements, which generally must be located on the lot where a facility is located. In our opinion the provision is in the restrictive covenants to relieve the University of the obligation to provide parking spaces on a lot by lot basis. Instead, the parking required for any particular use may take into account other parking facilities on the campus. Therefore, we reject the petitioner's major premise.

## IV.

The petitioner raised other procedural issues respecting the actions of the Board of Zoning Appeals and the Metropolitan Development and Housing Agency. In our opinion these issues are now moot or they do not go to the fundamental legality of the actions taken by the agencies. *See Smith v. Lansden*, 212 Tenn. 543, 370 S.W.2d 557 (1963).

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings which may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.